Dwight HART, Administrator for the Estate of Harry Frank Hart, deceased, Appellant (Plaintiff below),

v.

John L. BLAIR, Double Jay Service and State of Wyoming Workmen's Compensation Department ex rel. the Wyoming State Treasurer, Appellees (Defendants below).

No. 3094.

Supreme Court of Wyoming.

Feb. 19, 1963.

Ilsley & Lubnau, Thomas E. Lubnau, Gillette, for appellant.

Murane, Bostwick & McDaniel, R. R. Bostwick, Casper, for appellees.

Before PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Harry Frank Hart, a minor under the age of 16 years, died from injuries received in an accident while he was steering a truck owned or operated by the defendants John L. Blair or Double Jay Service. The administrator of the boy's estate sued those defendants for damages alleging they had "wrongfully, or wilfully, or wantonly, or recklessly, or negligently," caused the minor to steer a truck owned or operated by them while it was not operating under its own power but was being towed by another truck, also owned by those defendants, upon a United States highway in this State, during which operation the steered truck swerved off the highway, rolled over throwing the boy onto the highway, thereby inflicting injuries from which he died, and that the employment of the deceased to steer the truck violated the child labor law and the motor vehicle code of this State. The complaint further alleged that as the Industrial Accident Fund of Wyoming had paid certain expenses incident to the accident totalling $761.50, the Workmen's Compensation Department of the State was a necessary party and should be reimbursed.

The named defendants moved for summary judgment basing their motion upon the pleadings, the workmen's compensation file of the district court, the coroner's inquest over the body of deceased, and an affidavit of the Director of the Workmen's Compensation Department. The court sustained the motion, giving judgment in favor of the defendants, and the administrator has appealed to this court.

Although reports made pursuant to the Workmen's Compensation Law stated compensation under the act would not be claimed, the affidavit of the director of that department and other documents in the

record show that certain investigation fees, hospital expenses, medical expenses, and funeral expenses, totalling $763.50, had been paid from the State's Industrial Accident Fund.

Section 27–50, W.S.1957, provides:

"* * * The right of each employee to compensation from such funds shall be in lieu of and shall take the place of any and all rights of action against any employer contributing, as required by law to such fund in favor of any such person or persons by reason of any such injury or death. Sections 3–403 [1–1065], 3–404 [1–1066] and 57–427 [30–141], Wyoming Compiled Statutes, 1945, and all laws or parts of laws relating to damages for injuries or death from injuries or in anywise in conflict with this act are hereby repealed, as to the employments, employers and employees coming within the term of this act."

Also, Section 27–51, W.S.1957:

"The rights and remedies provided in this act for an employee on account of any injury shall be exclusive of all other rights and remedies, at common law or otherwise, of such employee, his personal or legal representatives or dependent family on account of such injury; and the terms, conditions and provisions of this act for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be exclusive, compulsory and obligatory upon both employers and employees coming within the provisions hereof."

Section 27–49 [II] (b), W.S.1957:

"'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade or business, or those engaged in clerical work and not subject to the hazards of the business.

* * * The term 'workman' shall include 'employee' and the term 'employee' shall include 'workman' and each shall include the singular and plural of both sexes. Any reference to a workman who has been injured shall, where the workman is dead, include a reference to his 'dependent family' as hereinafter defined, or to his legal representatives, or where the workman is a minor or incompetent to his guardian or next friend; and no minor workman shall be denied the benefits of this act for the sole reason that his employment is in violation of the labor laws governing the employment of minors."

Because the last quoted provision makes specific reference to the labor laws governing employment of minors, counsel conclude these laws are in pari materia with appropriate provisions of our Workmen's Compensation Act. See Mahoney v. L. L. Sheep Company, 79 Wyo. 293, 302, 333 P. 2d 712, 715. The labor laws which would thus seem important here are as follows:

Section 27–225, W.S.1957:

"It shall be unlawful for any person, firm or corporation to employ, permit or suffer any child under sixteen (16) years of age, to work at any gainful occupation, except farm or domestic service, and occupations not enumerated in section 2 [§ 27–230], unless such person, firm or corporation, shall have procured and have on file for the inspection of any official charged with the enforcement of laws regulating the employment of minors, a work permit as provided by law."

The pertinent portion of § 27–230, W.S. 1957, referred to is as follows:

"No child under sixteen (16) years of age shall be employed; permitted, or suffered to work at, in, or in connection with any of the following occupations, or at any of the following kinds of work except for the purpose of instruction in the public schools: Sewing

machine belts in any work shop, or factory, or assisting therein in any capacity whatever; adjusting any belt to any machinery; wiping or cleaning machinery, or assisting therein; operating circular or band saws, wood shavers, wood joiners, planers, sandpaper or wood polishing machinery; picking machines, machines used in picking wool, machines used in picking cotton, machines used in picking hair, machines used in picking upholstering material, paper lacing machines, leather burnishing machines, burnishing machines in any tannery or leather manufactory, job or cylinder printing presses, emery or polishing wheel used for polishing metal, wood turning or boring machinery, stamping machines used in the manufacture of sheet metal and tinware, stamping machines used in washer and nut factories, machinery used in the manufacture of roofing and washboards, steam machinery or other steam generating apparatus, gas engine or machinery operated by gas or machinery or apparatus used in generating or distributing electricity, or machinery operated by electricity, dough baker, cracker machinery of any description, wood or iron straightening machinery, rolling mill machinery; metal punches; drills or shears, metal lathes, washing, grinding or mixing mills, calendar rolls used in the manufacture of rubber, laundering machinery or in preparing or handling any composition in which dangerous or poisonous chemicals are used in the manufacture of paints or colors, or white lead; or in any cigar or other factory or place where tobacco is manufactured or prepared, or in operating any place where gun powder, dynamite or other dangerous explosive is manufactured, compounded or stored, or in handling in any manner any dangerous explosive; or in or about any mine, quarry or smelter; or in any capacity whatever in the manufacture, distribution or sale of goods for unlawful or immoral purposes  *  *  *."

Appellant argues that as deceased was a minor under the age of 16 years these child labor laws must be considered in determining the coverage of the term "workman" as defined in that act; that as the work permit specified by § 27–225, W.S.1957, was not first obtained, the employment of the minor was illegal, and therefore the deceased was not within the compensation act's definition of a workman or employee and the minor was not, therefore, subject to the act.

The appellees contend the remedies provided by the workmen's compensation act are exclusive of the remedy sought by appellant and that the minor was not employed in violation of any child labor law.

The claim of appellant does not touch or reach the determinative point of this case.

No reference is made in § 27–230, supra, to steering a towed truck or even to operating or driving a truck or any kind of motor vehicle, and appellant, in his brief, by deleting from his quotation of § 27–230, all enumerations except "gas engine or machinery operated by gas," seems to suggest that the only illegality of the minor's employment arose from his being permitted or suffered to work at, in, or in connection with a "gas engine or machinery operated by gas." This somewhat tacit suggestion that the work in which the minor was engaged when he met his death was within the enumerations of the prohibiting statute is without merit and is not accepted. Working with a gas engine or machinery operated by gas does not include steering a towed truck.

Standing alone § 27–225, supra, also seems to make it unlawful to employ, permit, or suffer a child under 16 years of age to work at occupations enumerated in § 27–230, supra, unless a work permit therefor is first obtained. However, it expressly exempts from illegality or unlawfulness the employment of minors under 16 years of age in farm, domestic service, and all occupations *not* enumerated in § 27–230.

As the work and occupation in which the minor was engaged when he received the injuries causing his death were not within the enumeration of § 27–230, supra, the deceased's employment was not illegal under the provisions of § 27–225. It must follow that as neither of these child labor statutes made the work in which the minor was engaged at the time of his death an unlawful or illegal employment, the entire premise upon which appellant must rely to be successful in this appeal has failed. This leaves the provisions of the Workmen's Compensation Law as the only remedy available to the minor's personal representative.

It may serve good purpose to note that the forerunners of what are now §§ 27–225 and 27–230, W.S.1957, appeared by amendment and re-enactment of the original child labor law as §§ 2 and 4 of Ch. 48, S.L. of Wyoming, 1923. Section 2 in that enactment provided that "No child under sixteen (16) years of age shall be employed, permitted, or suffered to work at, in, or in connection with any of the following occupations, or at any of the following kinds of work except for the purpose of instruction in the public schools without a work permit:" etc. Section 4 of the enactment was identical with what is now § 27–225, W.S.1957. However, Ch. 11, S.L. of Wyoming, 1925, amending and re-enacting § 2 of the 1923 amendment, deleted therefrom the words "without a work permit," leaving this section as it presently appears in § 27–230, W.S.1957, except for changes not pertinent here. Why this 1925 deletion was made from § 2 of the 1923 amendment without proper consideration of the effect it might have upon the meaning of § 4 of the 1923 amendment which still retained the provision for a work permit, and remains unchanged as § 27–225 of our statutes, we have no way of knowing. The sum total of result, however, was to completely defeat what we conceive was the true legislative intent which was to make available by work permit certain employments which otherwise were to be prohibited. In consequence, in the present state of the child labor law, the employment of minors under the age of 16 years in any of the occupations enumerated in § 27–230, is absolutely prohibited and no work permit is required to allow a minor under the age of 16 years to work in any employment not so enumerated.

No error is found in the judgment of the lower court and the same is therefore affirmed.

Affirmed.