AMELIA ENBERG, ADMINISTRATRIX OF THE ESTATE OF NOR-
MAN E. ENBERG, DECEASED, PLAINTIFF AND APPELLANT, *v.*
THE ANACONDA COMPANY ET AL., DEFENDANTS AND RE-
SPONDENTS.

No. 12035.
Submitted September 23, 1971.
Decided October 13, 1971.
489 P.2d 1036.

L. R. Bretz, Great Falls, for plaintiff and appellant.

Poore, McKenzie & Roth, James A. Poore, argued, Butte, for defendants and respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by Amelia Enberg, hereinafter called plaintiff, from an order granting a motion to dismiss her complaint against the Anaconda Company, the employer of her deceased

husband, its supervisor Martin K. Hannifan, and unknown subordinatess of Mr. Hannifan.

The deceased, Norman E. Enberg was killed in an explosion which occurred on May 16, 1967 at the Mountain Con Mine where and while he was employed by the Anaconda Company.

Prior to the fatal explosion there had been several fires in the mine. The first fire occurred on May 3, 1967 and was extinguished in due course. The next day, however, another fire broke out which was not finally extinguished until May 11, 1967. Subsequently, blasting operations which had been interrupted since May 3 were continued and additional charges were placed in the wall of the shaft for blasting purposes.

This continuation of the blasting operations, plaintiff alleges, was in violation of state statutes concerning the use and storage of explosives in mines. Sections 69-1922, 69-1927, 69-1928, and 69-1929, R.C.M.1947. Plaintiff further alleges that the continuation of the blasting was in violation of the safety regulations adopted by the Anaconda Company itself.

Plaintiff's claim against the coemployees of the deceased has been abandoned on appeal. Thus, plaintiff's single issue on appeal is whether an alleged violation of a penal statute abrogates an employer's immunity from a common-law action where an injured employee is covered by workmen's compensation.

The Montana Workmen's Compensation Act in section 92-204, R.C.M.1947, provides in part:

"Where both the employer and employee have elected to come under this act, the provisions of this act shall *be exclusive,* and such election shall be held to be a surrender by such employer and the servants, and employees of such employer and such employee, as among themselves, of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or *commonlaw right or remedy,* or *proceeding whatever,* for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter *specifically granted;*

and such election shall bind the employee himself, and in case of death shall bind his personal representative * * *.'' (Emphasis supplied.)

The gravamen of plaintiff's complaint is that the Anaconda Company's wilful and intentional violation of the safety statute as well as its own established safety procedures would permit a common-law suit for damages, citing Larson Workmen's Comp. V. 2, § 68.21.

''The legal reason for permitting the common-law suit for direct assault by the employer, as we have seen, is that the same person cannot commit an intentional assault and then allege it was accidental. * * *''

Assuming *arguendo* that the defendant herein had wilfully, wantonly and intentionally violated the aforementioned statutes and safety procedures, would such a pleading be sufficient to state a claim for relief in the circumstances of the case before us? We think not.

While the gap between gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute or other misconduct of the employer short of genuine intentional injury may not be wide, it is discernable. Larson Workmen's Comp. V. 2, § 68.13.

This court is aware that the strictness of this rule appears unduly harsh but ''* * * one must remind oneself that what is being tested here is not the degree of gravity or depravity of the employer's conduct but rather the narrow issue of intentional versus accidental quality of the precise event producing injury. The intentional removal of a safety device or toleration of a dangerous condition may or may not set the stage for an accidental injury later. But in any normal use of the words, it cannot be said, if such an injury does happen, that this was deliberate infliction of harm comparable to an intentional left jab to the chin.'' Larson Workmen's Comp. V. 2, § 68.13.

Thus since plaintiff's complaint fails to allege intentional injury by the defendant, any claim for relief is barred by the

exclusive remedy provisions of the Workmen's Compensation law.

There being then no genuine issue as to any material fact the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.

MR. JUSTICE JOHN C. HARRISON, DALY, HASWELL, and CASTLES, concur.