SEWELL v BATHEY MANUFACTURING COMPANY

Docket No. 47699. Submitted June 18, 1980, at Detroit.—Decided February 17, 1981. Leave to appeal applied for.

Jon Sewell brought an action against Bathey Manufacturing Company, his employer, on a tort theory, for injuries sustained in a work-related incident. Defendant moved for accelerated judgment on the ground that the trial court lacked jurisdiction over the subject matter of the suit, which motion was granted, Wayne Circuit Court, Robert J. Colombo, J. Plaintiff filed a timely claim of appeal and, following oral argument on the merits of the issue raised in his original brief on appeal, moved to be allowed to file a supplemental brief dealing with a matter uncovered subsequent to docketing. The Court of Appeals granted plaintiff's motion. *Held:*

1. The exclusive-remedy provision of the Worker's Disability Compensation Act bars any common-law tort action by an employee against his employer for an injury compensable under the act. The determination of the application of the act to a

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 6] 81 Am Jur 2d, Workmen's Compensation § 50.

[2] 82 Am Jur 2d, Workmen's Compensation §§ 240 *et seq.,* 301.

[3] 81 Am Jur 2d, Workmen's Compensation § 540 *et seq.*

[4] 81 Am Jur 2d, Workmen's Compensation §§ 55, 230.

Workmen's compensation provision as precluding employee's action against employer for fraud, false imprisonment, defamation, or the like. 46 ALR3d 1279.

[5, 6] 81 Am Jur 2d, Workmen's Compensation § 21.

[7] Am Jur 2d New Topic Service, Occupational Safety and Health Act §§ 5, 17.

[8, 9] Am Jur 2d New Topic Service, Occupational Safety and Health Act §§ 14.5, 17.

What constitutes "willful" violation for purposes of §§ 17(a) and (e) of Occupational Safety and Health Act of 1970 (29 USCS §§ 666(a) and 666(e)). 31 ALR Fed 551.

When has employer "repeatedly" violated Occupational Safety and Health Act within meaning of § 17(a) of Act (29 USCS § 666(a)). 41 ALR Fed 146.

[9] Am Jur 2d New Topic Service, Occupational Safety and Health Acts § 12.

particular injury is to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation. The trial court properly granted defendant's motion.

2. Defendant's alleged acts of gross negligence in violation of the Michigan Occupational Safety and Health Act do not provide adequate grounds for circumventing the exclusive-remedy provision of the Worker's Disability Compensation Act.

Affirmed.

1. WORKERS' COMPENSATION — REMEDIES — STATUTES.

A common-law tort action by an employee against his employer for an injury compensable under the Worker's Disability Compensation Act is barred by the exclusive-remedy provision of the act (MCL 418.131; MSA 17.237[131]).

2. WORKERS' COMPENSATION — STATUTES.

A personal injury arising out of and in the course of an injured party's employment, including any physical and mental injury suffered because of employment, is compensable under the Worker's Disability Compensation Act (MCL 418.301; MSA 17.237[301]).

3. WORKERS' COMPENSATION — BUREAU OF WORKMEN'S COMPENSATION — STATUTES.

The Bureau of Workmen's Compensation has the exclusive power to determine in the first instance whether the Worker's Disability Compensation Act applies to a particular injury and whether the injury is thus compensable under the act (MCL 418.841; MSA 17.237[841]).

4. WORKERS' COMPENSATION — GROSS NEGLIGENCE — REMEDIES.

An allegation of gross negligence on the part of an employer, standing alone, is insufficient to take an injury otherwise compensable under the Worker's Disability Compensation Act without the scope of the act; the worker's exclusive remedy remains under the act.

5. CONSTITUTIONAL LAW — LEGISLATIVE ABOLITION OF COMMON-LAW ACTIONS — DUE PROCESS.

The Legislature need not provide an adequate substitute remedy before abolishing a common-law cause of action in tort; such abolition is measured by the traditional due process test, namely, whether the legislation bears a reasonable relationship to a permissible legislative objective (US Const, Am XIV, Const 1963, art 1, § 17).

6. Workers' Compensation — Due Process — Constitutional Law — Statutes.

   The provision of the Worker's Disability Compensation Act which bars a common-law tort action by an employee against his employer for injuries sustained in the course of his employment does not unconstitutionally deprive an employee of property without due process (US Const, Am XIV, Const 1963, art 1, § 17, MCL 418.131; MSA 17.237[131]).

7. Workers' Compensation — Occupational Safety and Health — Remedies — Statutes.

   Intentional acts by an employer which would subject him to civil or criminal sanctions under the Michigan Occupational Safety and Health Act which result in work-related injuries to an employee which are compensable under the Worker's Disability Compensation Act do not provide an adequate ground for circumventing the application of the exclusive-remedy provision of the Worker's Disability Compensation Act (MCL 408.1001 *et seq.*, 418.131; MSA 17.50[1] *et seq.*, 17.237[131]).

8. Health — Occupational Safety and Health — Wilful Violations of Statutes — Statutes.

   An employer who wilfully or repeatedly violates the Michigan Occupational Safety and Health Act, an order issued pursuant to the act, or a rule or standard promulgated pursuant to the act may be assessed a civil penalty for each violation (MCL 408.1035[4]; MSA 17.50[35][4]).

9. Health — Occupational Safety and Health — Investigations and Inspections — Statutes.

   A person who gives advance notice of an investigation or an inspection to be conducted under the Michigan Occupational Safety and Health Act without authority is guilty of a misdemeanor and shall be fined or imprisoned or both (MCL 408.1035[8]; MSA 17.50[35][8]).

*Draugelis, Ashton & Scully,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jeannette A. Paskin* and *Dennis M. Day*), for defendant.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

CYNAR, J. On May 8, 1979, plaintiff filed a complaint against defendant in Wayne County Circuit Court, which complaint averred, *inter alia,* that plaintiff was injured in a work-related incident caused by the defendant-employer's gross negligence. Defendant filed a motion for accelerated judgment,[1] contending that jurisdiction in this action was vested exclusively in the Bureau of Workmen's Compensation. In support of this position, defendant cited MCL 418.131, 418.841; MSA 17.237(131), 17.237(841). On September 18, 1979, the trial court entered an order granting defendant's motion for accelerated judgment. On October 5, 1979, plaintiff timely filed a claim of appeal from the judgment so entered and now appeals as of right.

On February 8, 1980, plaintiff submitted his brief on appeal to this Court. Subsequent thereto, this case was duly placed for argument on the June 1980 case call. On June 2, 1980, after this action was docketed for argument, plaintiff deposed an employee of defendant relative to a companion case arising out of the same work-related injuries sustained by plaintiff. It is alleged that, during the course of that deposition, the employee claimed that defendant had been intentionally removing safety guards from a punch press machine in which plaintiff received his injuries. It is further contended that the deponent also testified that defendant had received information in ad-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant's motion was made pursuant to GCR 1963, 116.1(2), on the ground that the trial court lacked jurisdiction over the subject matter of the suit.

vance from MIOSHA[2] personnel regarding impending inspections. According to the deponent, defendant temporarily would reinstall the guards only for inspection purposes.

Following oral argument on the merits of the issue raised in plaintiff's original brief on appeal and on the question of whether plaintiff should be allowed to file a supplemental brief dealing with alleged complicity between defendant and MIOSHA personnel in circumventing the act, this Court granted plaintiff's motion for leave to file a supplemental brief on August 27, 1980. It is in this posture that the case *sub judice* is before this Court on appeal.

It is beyond question that, when an injury is sustained which is compensable under the Worker's Disability Compensation Act of 1969, the exclusive-remedy provision of the act[3] bars any common-law tort cause of action by an employee against his employer arising therefrom. *Milton v Oakland County,* 50 Mich App 279, 283; 213 NW2d 250 (1973), *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593, 597-598; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978). An injury which is "a personal injury arising out of and in the course of [an injured party's] employment" is compensable under the act. MCL 418.301; MSA 17.237(301), *Kissinger v Mannor,* 92 Mich App 572, 575; 285 NW2d 214 (1979). Personal injuries for which the act provides a remedy include both physical and mental injuries suffered on account of employment. *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1; 268 NW2d 1 (1978), *Kissinger, supra,* 575.

---

[2] Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.* More specifically, see MCL 408.1013(1); MSA 17.50(13)(1).

[3] MCL 418.131; MSA 17.237(131).

It is also beyond peradventure that the question of whether the act applies to a particular injury, *i.e.,* whether an injury arose out of and in the course of a worker's employment (and thus is compensable under the act), is a question to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation. *Szydlowski v General Motors Corp,* 397 Mich 356, 358-359; 245 NW2d 26 (1976), *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 377-378; 230 NW2d 440 (1975), MCL 418.841; MSA 17.237(841). Such being the case, it would appear that the trial court properly dismissed the instant suit pursuant to GCR 116.1(2), and this Court could predicate an affirmance solely upon this ground of decision. However, because of the importance of the other issues raised by plaintiff and the fact that they are apparently questions of first impression in Michigan we choose to review the merits of those contentions.

First, we deal with plaintiff's claim that because gross negligence on the part of the employer is alleged the exclusive-remedy provision of the act is not applicable. The clear weight of authority is against plaintiff's position. See 101 CJS, Workmen's Compensation, § 927, p 382. Moreover, in ruling on an identical claim under the precursor of the exclusive-remedy provision in the present act, the United States Court of Appeals for the Sixth Circuit concluded that a worker's exclusive remedy was under the act. *Pfeifer v GMC Truck & Coach Division,* 255 F2d 40, 41 (CA 6, 1958). The court properly found that the statute does not differentiate among the common-law actions which were previously available. So too, the court in *Pfeifer* inferred that the correct focus is on whether the injuries themselves fell within the purview of the

act, irrespective of the nature of the employer's acts. We are persuaded that the rule announced in *Pfeifer* is an accurate statement of Michigan law under the present act, and, therefore, we hold that an allegation of gross negligence, standing alone, is insufficient to take an injury resulting therefrom outside the scope of the act. Moreover, we note that plaintiff concedes that his injuries arose out of and in the course of his employment.[4]

Next, we confront plaintiff's argument that the exclusive-remedy provision as applied to the facts alleged in his complaint (gross negligence on the part of his employer) results in an unconstitutional deprivation of property without due process because it abolishes a common-law right of recovery without creating a commensurate remedy. The short answer to this is that the Legislature need not provide an adequate substitute remedy before abolishing a common-law cause of action in tort. *Shavers v Attorney General,* 402 Mich 554, 620; 267 NW2d 72 (1978). The abolition of a common-law remedy is measured by the traditional due process test, *viz.,* whether the legislation bears a reasonable relationship to a permissible legislative objective. *Shavers, supra,* 620-621. The Worker's Disability Compensation Act of 1969 already has been found to satisfy this standard. *McAvoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977). Plaintiff's claim in this regard thus fails for want of merit.

It remains for us to decide what effect, if any, plaintiff's allegations regarding violation of MIO-SHA have on our ruling that the exclusive-remedy provision bars his suit for damages. Prefatorily, we

---

[4] Plaintiff's complaint alleged that, directly as a result of his operation of the aforementioned punch press machine, he sustained severe personal injuries, to wit: the crushing and subsequent amputation of four of the fingers of his left hand at the knuckle joint.

note again that it is undisputed that plaintiff's injuries fall under the language of MCL 418.301(1); MSA 17.237(301)(1), regarding injuries remediable under the act. In this last argument, plaintiff again chooses to focus on his employer's conduct in urging us to allow him to pursue a common-law action against defendant.

Our starting point for analysis of this final issue is MCL 408.1002; MSA 17.50(2), § 2 of MIOSHA, which provides in relevant part:

"(2) Nothing in this act shall be construed to supersede or in any manner affect any workers' compensation law, or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."

This section indicates that even intentional acts of an employer, including those which would subject said employer to civil or criminal sanctions under MIOSHA, in no way affect the application of the exclusive-remedy provision to the injuries sustained in the case at bar. Case law is consonant with the purport of this statute insofar as it concerns a violation of another act of the Legislature not being an adequate ground for circumventing the exclusive-remedy provision. See *Allossery v Employers Temporary Service, Inc,* 88 Mich App 496, 499; 277 NW2d 340 (1979), *lv den* 406 Mich 1000 (1979), where this Court held that the mere allegation by the injured plaintiff-employee, that the defendant-employer had violated the Hittle Juvenile Employment Act, MCL 409.1 *et seq.;* MSA 17.701 *et seq.,* (since repealed) by hiring a minor (plaintiff) under the age of 18 without first

procuring from him a work permit, was, standing by itself, insufficient to take the case outside the scope of the Worker's Disability Compensation Act.

In the case at bar, the conduct of the defendant-employer and MIOSHA personnel alleged by plaintiff to have occurred, if proven, clearly would constitute violations of MIOSHA under MCL 408.1035; MSA 17.50(35). This statute provides in relevant portion:

"Sec. 35.

*    *    *

"(4) An employer who wilfully or repeatedly violates this act, an order issued pursuant to this act, or a rule or standard promulgated pursuant to this act may be assessed a civil penalty of not more than $10,000.00 for each violation.

*    *    *

"(8) A person who gives advance notice of an investigation or an inspection to be conducted under this act, without authority from the appropriate director or the designee of the director, is guilty of a misdemeanor and shall be punished by a fine of not more than $1,000.00, or imprisoned not more than 6 months, or both."

Under subsection 4, the defendant-employer in this case could be fined should plaintiff's allegations be established. Under subsection 8, those MIOSHA personnel, if any, responsible for· giving plaintiff's employer advance notice of pending inspections would be punished. Nonetheless, as sympathetic as we are with plaintiff's plight and as reprehensible as the alleged misconduct on the part of the defendant-employer and MIOSHA personnel might be, the alleged violations of § 35 of MIOSHA do not alter the work-related nature of

plaintiff's injuries. Therefore, we conclude that plaintiff is left to his remedies under the Worker's Disability Compensation Act and that the trial court's grant of accelerated judgment in favor of defendant was proper. This decision, of course, is without prejudice to plaintiff's rights under the act.

The judgment of the trial court is affirmed. No costs, interpretation of a statute being involved.