Nancy MAUCH, Personal Representative and Administratrix of the Estate of Gary Mauch, Appellant (Plaintiff),

v.

STANLEY STRUCTURES, INC., and various other John Doe defendants, Appellees (Defendants).

No. 5541.

Supreme Court of Wyoming.

March 12, 1982.

Georg Jensen and Ronald G. Pretty, Cheyenne, for appellant.

Todd S. Welch of Godfrey & Sundahl, Cheyenne, for appellees.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Carl J. Hildebrand, Asst. Atty. Gen., Cheyenne, filed an amicus curiae brief on behalf of the State of Wyo.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Gary Mauch, an employee of appellee-defendant (hereinafter referred to as Stanley Structures), was killed during the course of his employment when he inhaled some concrete dust after falling into a pile of the dust. Stanley Structures was covered by the Wyoming Worker's Compensation Act, § 27–12–101, W.S.1977, et seq., when the accident occurred. A complaint was subsequently filed against Stanley Structures[1] by appellant Nancy Mauch as personal representative and administratrix of the estate of Gary Mauch. The complaint alleged that Gary Mauch's death was caused by the gross negligence of Stanley Structures.

Stanley Structures filed a motion to dismiss the complaint citing § 27–12–103(a), W.S.1977[2] of the Wyoming Worker's Com-

---

1. The complaint also contained allegations against various unidentified defendants. However, none of these unidentified defendants have been served and, therefore, are not parties to the action. The district court has no juris-

diction over them. *Bryant v. WYBRO Federal Credit Union*, Wyo., 544 P.2d 1010 (1976).

2. Section 27–12–103(a), W.S.1977, reads:

pensation Act as a bar to the suit against the deceased's employer. The district court granted the motion and gave appellant ten days to file an amended complaint.[3]

Appellant filed an amended complaint alleging that the action was not barred by the Wyoming Worker's Compensation Act because (1) Stanley Structures was grossly negligent, (2) the employment activity of Gary Mauch was illegal and unlawful, (3) the Wyoming Worker's Compensation Act is unconstitutional, and (4) the Wyoming Worker's Compensation Act does not bar an action brought on behalf of the survivors of the deceased. Stanley Structures moved for the dismissal of the amended complaint again asserting § 27–12–103(a) as a bar. The amended complaint was dismissed. In appealing from that dismissal, appellant presents the following issues:

"A. Whether the Complaint against Stanley Structures, Inc. is barred by the Workman's Compensation Statutes when said Complaint is on behalf of the surviving relatives and administratrix of the estate of the Deceased.

"B. Does the Workman's Compensation Law bar suit against an employer who is culpably negligent, or whose employee is culpably negligent.

"C. Is the Workman's Compensation Law unconstitutional in that it gives more protection to the culpably negligent employer than the culpably negligent co-employee, or culpably negligent employee.

"D. Whether the Wyoming Workman's Compensation statutes bar suit against a culpably negligent employer who violates state and federal laws in the employment of it's [sic] employees which result in their injury or death.

"E. Should the District Court Judge have ordered Stanley Structures, Inc. to answer Interrogatories or Compel Discovery."

We affirm.

We have recently addressed the philosophy, background and purpose of the Worker's Compensation Act, § 27–12–101, et seq., in *Meyer v. Kendig,* Wyo., 641 P.2d 1235 (1982), and we will not repeat that there said except to note that the act was the legislative embodiment of compromise between employers and employees who recognized the need for a new system to compensate employees for employment-related injuries.

## ISSUE A

■ Appellant argues that § 27–12–103(a) cannot be said to limit actions brought by the surviving relatives or administratrix of the deceased's estate, because to do so would render the act unconstitutional by encompassing a broader limitation than allowed by Art. 10, § 4 of the Wyoming Constitution.[4] Appellant reads

"The rights and remedies provided in this act [§§ 27–12–101 to 27–12–804] for an employee and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act, or his employees acting within the scope of their employment unless the employees are culpably negligent, but do not supersede any rights and remedies available to an employee and his dependents against any other person."

3. Appellant appealed this order to the Supreme Court. We dismissed the appeal as not being from a final order as defined by Rule 1.05, W.R.A.P. *Mauch v. Stanley Structures,* No. 5419, unpublished order dated December 24, 1980.

4. Art. 10, § 4, Wyoming Constitution, reads:

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employee to compensation from such fund shall be in lieu of and shall

the constitutional amendment as limiting the action by an employee, whereas the statute limits the action by employees and their dependents. Appellant ignores the other provisions of the statute and of Art. 10, § 4.

Section 27–12–103(a) states that the rights and remedies provided by the Wyoming Worker's Compensation Act " * * * are in lieu of all other rights and remedies against any employer * * *." And Art. 10, § 4 of the Wyoming Constitution states that the right to compensation " * * * shall be in lieu of and shall take the place of any and all rights of action against any employer * * *." Clearly excluded by this language are actions against a deceased's employer by the surviving relatives or administrator of the deceased. The immunity from actions through, as well as by, the deceased granted by § 27–12–103(a) and Art. 10, § 4 of the Wyoming Constitution is part of the compromise which forms the foundation for worker's compensation laws.

### ISSUE B

■ Appellant next argues that the immunity provision of § 27–12–103(a) should be construed to mean that employers should have the same liability for culpable negligence as do co-employees. Again, this argument would have us ignore the clear language of that section and it disregards the distinction between employers and employees.

In *Markle v. Williamson,* Wyo., 518 P.2d 621, 624 (1974), we rejected the "bald-faced fiction" that a co-employee becomes merged in the employer. There was no basis then and there is no basis now for such a contention in Wyoming.

The language of § 27–12–103(a) is clear in its limitation of actions against employers, and its separate limitation of actions against co-employees.[5]

take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death."

As we said in *Barnette v. Doyle,* Wyo., 622 P.2d 1349, 1353 (1981):

"There is no doubt that the Wyoming Worker's Compensation Act would preclude a suit against the corporate employer unless the employment was unlawful or illegal. *Jordan v. Delta Drilling Company,* Wyo., 541 P.2d 39, 48 (1975). However, while the Act creates liability without fault, it also allows an injured employee to bring a third-party action against coemployees who are personally responsible for the victim's injuries if these coemployees were culpably negligent. § 27–12–103, W.S.1977; *Abeyta v. Hensley,* Wyo., 595 P.2d 71, 73–74 (1979). * * *"

The immunity from suit exists for an employer contributing to the worker's compensation fund without regard to negligence, whether culpable or ordinary.

### ISSUE C

Next appellant raises two constitutional issues. First, she contends that § 27–12–103(a), violates the Equal Protection Clause of the United States Constitution and Art. 1, § 34 of the Wyoming Constitution. Since Art. 1, § 34 is equivalent to the "Equal Protection Clause" of the Fourteenth Amendment to the United States Constitution, *Washakie County School District Number One v. Herschler,* Wyo., 606 P.2d 310, 332 (1980), reh. denied, cert. denied, 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980), and appellant has failed to cite any federal authority, we will treat the issue as being raised under the Wyoming Constitution. Art. 1, § 34 of the Wyoming Constitution provides: "All laws of a general nature shall have a uniform operation." Second, she contends that § 27–12–103(a) violates Art. 3, § 27 of the Wyoming Constitution which prohibits enactment of special laws.

5. We are not presented with the question of the constitutionality of the limitation on actions against employees who are not culpably negligent. That question was presented in *Meyer v. Kendig,* supra.

■ Again, we recently addressed the constitutionality of § 27–12–103(a) with reference to these two constitutional provisions, *Meyer v. Kendig*, supra. And, again, we will not repeat that there said with reference to the standards by which we are governed when the constitutionality of a statute is assailed and with reference to the basis upon which the section satisfies these constitutional requirements. We do note that the contention in the *Meyer v. Kendig* case was directed to the alleged impropriety in granting immunity to a co-employee for his acts of ordinary negligence, whereas appellant here contends it to be improper to make a co-employee liable for his culpable negligence without also making the employer liable for its culpable negligence.

Appellant has failed to meet her burden of showing that the distinction made between an employer and a culpably negligent employee is a classification which does not rest on a reasonable basis. It is the employer who contributes to the fund and it is the employer's contributions which fund payment to workers for those injuries not occasioned by the employer's fault or negligence. In return for that contribution, the employer is granted immunity from suit. Neither the injured employee nor the co-employee contribute to the fund. A rational basis thus exists for treating the employer differently from his employees with respect to the extent of immunity.

## ISSUE D

■ Appellant contends that the alleged violations by the employer of the Wyoming Occupational Health and Safety Act, § 27–11–101, W.S.1977, et seq., and 29 U.S.C. § 654 of the Occupational Safety and Health Act of 1970 removed the employer from the immunity granted by the Wyoming Worker's Compensation Act. We do not agree.

Appellant relies heavily on *Hart v. Blair*, Wyo., 378 P.2d 677 (1963) to support this contention. Such reliance is misplaced. In Hart, supra, the question was whether the employer's failure to obtain a work permit prior to employing a minor under the age of sixteen rendered the employment unlawful or illegal. The supreme court found that the employment was not one for which a work permit was required and, therefore, the *employment* was not illegal or unlawful.

To make the holding in *Hart*, supra, be applicable here, the question would be whether or not the *employment* of Gary Mauch was illegal or unlawful. Such is not the issue here presented by appellant. The employment itself was legal and lawful. The issue here presented by appellant is whether or not the employer's business was carried on in conformance with legal requirements. If the injuries or death of a worker results from the performance of the duties of a lawful and legal employment, the employer has the immunity granted by the Worker's Compensation Act. Violations of legal requirements relative to the conduct of the business itself, should such exist, do not alter the work-related nature of the employee's injuries and the employee is entitled to the benefit and subject to the restrictions of the worker's compensation laws. *Sewell v. Bathey Manufacturing Company*, 103 Mich.App. 732, 303 N.W.2d 876 (1981); *Selby v. Sykes*, 189 F.2d 770 (7th Cir. 1951); *Enberg v. Anaconda Company*, 158 Mont. 135, 489 P.2d 1036 (1971); *Gunnoe v. Glogora Coal Co.*, 93 W.Va. 636, 117 S.E. 484 (1923); See 2A Larson, Workmen's Compensation Law, § 68.13; Annot. "Status of one as employee within workmen's compensation act as affected by violation of statute in connection with his employment," 128 A.L.R. 1310.

## ISSUE E

■ Appellant's final contention is that the district court erred in not compelling Stanley Structures to answer the interrogatories submitted pursuant to Rule 33, W.R. C.P. It must be noted that Stanley Structures moved for dismissal of the action and for a protective order pursuant to Rule 26(c), W.R.C.P. These motions were consolidated for argument and after the hearing the district court dismissed the complaint against Stanley Structures.

"The district court has a broad discretion in deciding whether to require answers to interrogatories." 8 Wright & Miller, Federal Practice and Procedure: Civil § 2176, p. 557 (discussing Rule 33, F.R.C.P. which is identical to Rule 33, W.R.C.P.). The complaint was dismissed at the time a decision was made relative to the necessity to answer the interrogatories. They were not pertinent to the legal basis upon which the matter was determined. Under the facts and circumstances of this case, we cannot say the district court abused its discretion by not ordering Stanley Structures to answer the interrogatories.

Affirmed.

ROSE, Chief Justice, specially concurring.

I concur in the result reached by the majority, but would dispose of the appeal on the single issue of whether or not the Worker's Compensation Act grants the employer absolute immunity from a tort action by the employee and/or his or her dependent. Section 27–12–103(a), W.S.1977, provides that the rights and remedies provided by the Worker's Compensation Act for the "employee and his dependents" are in lieu of all other rights and remedies against the contributing employer. The contributing employer's immunity from suit by the employer or his or her dependents is absolute. This protection from tort liability was the gain achieved by the employer in return for his contribution to the fund established for employees and dependents of employees who are killed or injured on the job and which benefits are made available without regard to all but the worker's culpable negligence. This is what was contemplated by the framers of Art. 10, § 4, Wyoming Constitution, and the fact that § 27–12–103, supra, protects all employers contributing to the fund in behalf of the injured worker and his dependents, whether negligent or acting through wilful and wanton misconduct, is not, in my mind, subject to attack.

I am, however, in disagreement with the application to this case of the constitutional analysis expressed in *Meyer v. Kendig*, Wyo., 641 P.2d 1235 (1982). As I pointed out in my dissent in *Meyer*, the constitutional analysis with regard to Art. 10, § 4 is wrong, and it should not be applied here. The correct analysis in this case is simply to say that Art. 10, § 4 clearly intended the legislature to protect the employer from actions by his employee in all instances. Such a view is consistent with our past holdings which construe the Wyoming Worker's Compensation Act as being in the nature of insurance. I therefore concur in the result reached in this case.