# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 118

APRIL TERM, A.D. 2014

September 23, 2014

ENRIQUE HERRERA,

Appellant
(Plaintiff),

v.

ROBERT PHILLIPPS, Individually and as an
employee and representative of GILLIGAN'S LLC,
a Wyoming Company, and GILLIGAN'S LLC, a
Wyoming Company,

Appellees
(Defendants).

S-13-0243

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*
   *C. John Cotton, Cotton Law Office, P.C., Gillette, Wyoming.*

*Representing Appellees:*
   *Patrick T. Holscher, Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming.*

*Before BURKE, C.J., and HILL, KITE*, DAVIS, and FOX, JJ.*

*\*Chief Justice at time of oral argument.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1]    Appellant Enrique Herrera was injured while working for Gilligan's LLC, under the supervision of Robert Phillipps.  Mr. Herrera filed suit seeking to recover damages for his injuries.  Gilligan's sought summary judgment on the primary basis that, as Mr. Herrera's employer, it was immune from suit pursuant to the Wyoming Worker's Compensation Act.  Mr. Phillipps also asserted that the Act shielded him from the negligence claim by Mr. Herrera, and that Mr. Herrera had not presented facts sufficient to establish Mr. Phillipps' liability as a co-employee under the Act.  Mr. Herrera claimed that Appellees were not immune because he was not an employee of Gilligan's under the statutory definition found in the Wyoming Worker's Compensation Act because he was not legally authorized to work in the United States and Gilligan's did not have a reasonable belief that he was authorized to work in the United States.  The district court granted summary judgment for Gilligan's and Mr. Phillipps.  Mr. Herrera challenges that decision in this appeal.  We will reverse.

## ISSUES

[¶2]    Mr. Herrera presents two issues:

> 1.    Did the District Court err in ruling that Gilligan's LLC is entitled to Worker's Compensation immunity?
>
> 2.    Did the District Court err in ruling that there is no genuine issue of material fact as to the co-employee liability of Robert Phillipps?

Gilligan's and Mr. Phillipps agree with Mr. Herrera's statement of the issues, but further assert that the first issue may be refined as follows:

> 1.a.    Did the Legislature, in enacting Wyo. Stat. Ann. § 27-14-102(a)(vii) (LexisNexis 2007), contemplate employer compliance with Federal law regarding documentation of the work status of employees thereby incorporating the Federal provisions?  And, if the answer to this is "Yes," then,
>
> 1.b.    Under Wyo. Stat. Ann. § 27-14-102(a)(vii), does the required "documentation in the employer's possession" include a properly completed I-9 form as required by the United States Department of Justice?

## FACTS

[¶3]    On June 5, 2007, Mr. Herrera was working for Gilligan's as a pipe fuser.  He was

1

working with a crew to clean out a four-inch pipe using a compressor to blow a cleaning plug, called a "pig," through the pipe. The pig got stuck in the pipe and Mr. Herrera suggested they cut the pipe at the T-joint near where it was stuck. Instead, Mr. Phillipps directed the crew to lift the pipe out of the ditch. When the pipe was out of the ditch, Mr. Phillipps bent it, told Mr. Herrera to hold it, and walked away. There was an explosion, the other workers ran, and Mr. Phillipps told Mr. Herrera to let go of the pipe. Mr. Herrera tried to put the pipe back in the ditch and, when it would not go, he let go of it and ran. The pipe, still under pressure, twisted and whipped back and forth, striking Mr. Herrera and injuring him severely. According to Mr. Herrera, Gilligan's told him that it would not submit a worker's compensation claim on his behalf but, instead, would pay his medical expenses and lost wages. Gilligan's made the payments for a period of time but eventually ceased. This litigation ensued.

[¶4]   Mr. Herrera initiated this action against Gilligan's and John Doe I in 2009, asserting that they were negligent, and that John Doe I acted in reckless disregard of Mr. Herrera's safety. Gilligan's denied the claims and asserted as one of its affirmative defenses that the complaint was barred because Mr. Herrera was a covered employee under the Wyoming Worker's Compensation Act, and Gilligan's was immune from suit by Mr. Herrera. Mr. Herrera filed a motion for partial summary judgment seeking a ruling that he was not an employee within the meaning of Wyo. Stat. Ann. § 27-14-102(a)(vii), and Gilligan's was not entitled to immunity under the Act. Mr. Herrera contended that he was not authorized to work in the United States, that Gilligan's was aware of his employment status, and that Gilligan's did not have a reasonable belief that he was authorized to work based upon documentation in its possession.

[¶5]   Gilligan's filed a response in which it sought summary judgment holding that Mr. Herrera was covered by its worker's compensation account and his failure to file a claim did not affect Gilligan's immunity from suit. Gilligan's asserted there was no evidence indicating it knew Mr. Herrera was not authorized to work in the United States, and that the documentation in its files was adequate to satisfy the requirements of the Wyoming Worker's Compensation Act.

[¶6]   In 2011, Mr. Herrera filed a new lawsuit against Gilligan's, and added Mr. Phillipps as a defendant. He alleged that Gilligan's and Mr. Phillipps were negligent, and that if the Worker's Compensation Act applied, Mr. Phillipps' conduct was intentional and he was therefore liable as a co-employee. The district court consolidated the two cases. It then denied the parties' motions for summary judgment, concluding that genuine issues of material fact existed as to whether Gilligan's reasonably believed Mr. Herrera was working legally in the United States at the time he was hired and on the date of his injury, as provided in Wyo. Stat. Ann. § 27-14-102(a)(vii). The district court stated, however, that any party could renew a motion for summary judgment "if the

discovery process should reveal something that would warrant it."[1]

[¶7]    Mr. Herrera renewed his motion for partial summary judgment.  Gilligan's and Mr. Phillipps also moved for summary judgment in their favor.  This time, without explanation, the district court granted summary judgment in favor of Gilligan's and Mr. Phillipps.[2]  Mr. Herrera filed a timely appeal to this Court.

## STANDARD OF REVIEW

[¶8]    We review a district court's order on summary judgment *de novo*, using the same

---

[1] In June of 2012, Mr. Herrera filed a motion pursuant to W.R.A.P. 11 asking the district court to certify the case to this Court to answer whether, as a matter of law, Wyo. Stat. Ann. § 27-14-102(a)(vii) contemplates employer compliance with federal law regarding documentation of the work status of employees and whether the words "documentation in the employer's possession" used in the foregoing statute include a properly completed I-9 form as required by the United States Department of Justice.  The district court granted the motion.  We declined to answer the certified questions because they did not appear to be determinative of the action.

[2] The Order Granting Summary Judgment consists of three short paragraphs, the critical one reading as follows:

> The court has reviewed the file and the extensive submissions of the parties.  Further, the court has spent substantial time considering the facts set forth and finds that for the purposes of defendants' motion, there are no material facts at issue.  No specific basis for the granting of summary judgment is required by the district court.  After careful consideration and deliberation, the court specifically elects not to set forth further specific bases.

(Internal case citations omitted.)  We would once again emphasize that the failure of the district court to provide any factual basis or legal analysis to support its decision significantly handicaps our review, and would once again encourage district courts to provide that analysis.  *See, e.g.*, *Berthel Land and Livestock v. Rockies Express Pipeline LLC*, 2012 WY 52, ¶ 16 n.1, 275 P.3d 423, 431 n.1 (Wyo. 2012):

> The summary judgment order did not provide findings of fact . . . or a rationale for the decision.  This has complicated our review, and likely the district court's consideration of the issues that went to trial.  For these reasons, we take this opportunity to again encourage district courts to provide findings of fact and their reasoning when ruling on summary judgment motions.  *Baldwin v. Dube*, 751 P.2d 388, 394 (Wyo. 1988) ("Absence from the record of a specific basis upon which summary judgment was sought or granted is a handicap to the reviewing court, although specific bases are not mandatory under the rule.") (quoting *Centrella v. Morris*, 597 P.2d 958, 962 (Wyo. 1979)); *Weaver v. Blue Cross—Blue Shield of Wyoming*, 609 P.2d 984, 986 (Wyo. 1980) ("[W]e would prefer that the reasons for granting a motion for summary judgment appear clearly in the record.").

materials and following the same standards as the district court. *Gheen v. State ex rel. Department of Health*, 2014 WY 70, ¶ 11, 326 P.3d 918, 922 (Wyo. 2014) (citing *Michael's Constr., Inc. v. American Nat'l Bank*, 2012 WY 76, ¶ 8, 278 P.3d 701, 704 (Wyo. 2012); *Grynberg v. L & R Exploration Venture*, 2011 WY 134, ¶ 16, 261 P.3d 731, 736 (Wyo. 2011)). W.R.C.P. 56(c) allows summary judgment when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

We view the facts from the vantage point most favorable to the party who opposed the motion, and give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Gheen*, ¶ 11, 326 P.3d at 922.

## *DISCUSSION*

[¶9]    The rights and remedies afforded injured employees under the Wyoming Worker's Compensation Act "are in lieu of all other rights and remedies against any employer." Wyo. Stat. Ann. § 27-14-104.  Under the Act, employers are immune from suit by their employees, and employees are barred from suing their employers. *Mauch v. Stanley Structures*, 641 P.2d 1247, 1251 (Wyo. 1982).  As we have explained:

> In return for their contributions to the compensation fund, employers were granted immunity from suits. In return, for relinquishing their right to common-law actions against the employers [for] work-related injuries, the employees received speedy relief for such injuries, regardless of lack of fault on the part of the employer and without cost and delay attendant to legal action.

*Meyer v. Kendig*, 641 P.2d 1235, 1238 (Wyo. 1982) (footnote omitted).  The Act defines the term "employee" to include:

> any person engaged in any extrahazardous employment under any appointment, contract of hire or apprenticeship, express or implied, oral or written, and includes legally employed minors, aliens authorized to work by the United States department of justice, office of citizenship and immigration services, ***and aliens whom the employer reasonably believes, at the date of hire and the date of injury based upon documentation in the employer's possession, to be authorized to work by the United States department of justice, office of citizenship and immigration services.***

4

Wyo. Stat. Ann. § 27-14-102(a)(vii) (emphasis added).

[¶10] It is undisputed that Mr. Herrera is an alien who was not authorized to work in the United States, both at the time he was hired by Gilligan's and at the time of his injury. The parties do not agree on whether Gilligan's reasonably believed, based upon documentation in its possession, that Mr. Herrera was authorized to work in the United States.

[¶11] The district court's grant of summary judgment for Gilligan's necessarily rests on the conclusion there is no genuine dispute as to the material fact that Gilligan's reasonably believed Mr. Herrera was authorized to work in the United States. Mr. Herrera contends, to the contrary, that the facts undisputedly demonstrate that Gilligan's did not have and could not have had that reasonable belief. He asserts that he is entitled to partial summary judgment on this issue. His argument is based largely upon an incomplete "Form I-9" found in Gilligan's records.[3]

[¶12] The first section of the I-9 is to be filled out and signed by the employee. Mr. Herrera signed the document. Someone else filled in the information on his behalf, although the mandatory "Preparer and/or Translator Certification" was left blank. The second section of the form is to be completed and signed by the employer after examining certain specified documents relating to the employee's authorization to work in the United States. The second section of Mr. Herrera's I-9 is entirely blank, and contains no signature on behalf of Gilligan's.

[¶13] Mr. Herrera emphasizes that the statute requires an employer's belief about an employee's authorization to work in the United States to be "based upon documentation in the employer's possession." Wyo. Stat. Ann. § 27-14-102(a)(vii). Because the I-9 is incomplete, he maintains that Gilligan's did not have any documentation in its possession from which it could form any reasonable belief that Mr. Herrera was authorized to work in the United States. On that basis, he asserts that the district court erred in granting summary judgment in Gilligan's favor, and instead should have ruled in his favor on that issue.

[¶14] Mr. Herrera's argument, taken to its logical limit, is that an employer must have a properly completed I-9 in its possession in order to prove that it had a reasonable belief that an employee is authorized to work. The statutory language does not allow such an

---

[3] According to the federal government's website, "Employers must complete Form I-9 to document verification of the identity and employment authorization of each new employee (both citizen and noncitizen) hired after November 6, 1986, to work in the United States." http://www.uscis.gov/sites/default/files/files/form/i-9.pdf (last visited Aug. 26, 2014).

interpretation. The statute requires a reasonable belief "based upon documentation in the employer's possession," that an employee is authorized to work. The statute does not specify that the documentation in the employer's possession must be a completed I-9, indicating that other documents could also provide the basis for a reasonable belief.

[¶15] However, the fact that Gilligan's did not have a properly completed I-9 for Mr. Herrera, viewed from the vantage point most favorable to Mr. Herrera, is evidence suggesting that Gilligan's did not have a reasonable belief that Mr. Herrera was authorized to work in the United States. The inference can reasonably be drawn that Gilligan's failed to inquire about Mr. Herrera's status, or even that it knew he was not authorized to work in the United States and purposely avoided completing the I-9. Mr. Herrera testified in his deposition that he was not asked to fill out any paperwork when he began working for Gilligan's. He also testified that the supervisor who drove him to the hospital after the injury asked, "You're illegal, aren't you?" According to Mr. Herrera, this question indicates that Gilligan's was aware of his status, and could not have had a reasonable belief that he was authorized to work in the United States.

[¶16] Gilligan's emphasizes evidence favorable to its position and unfavorable to Mr. Herrera's, including the fact that Mr. Herrera was listed as covered under Gilligan's worker's compensation account. Gilligan's also points out that the incomplete I-9 for Mr. Herrera still includes his signature verifying that he is a lawful permanent alien. Gilligan's contends that this is a document in its possession upon which it based a reasonable belief that Mr. Herrera was authorized to work. Gilligan's also relies on Mr. Herrera's admission that he had a forged alien registration card and a social security card. While Mr. Herrera does not remember presenting this documentation to Gilligan's when he started work, he admits that he had the documents with him at the time. This and other evidence, according to Gilligan's, supports its claim to have had a reasonable belief of Mr. Herrera's status based on documents in its possession. Gilligan's therefore asserts that the district court was correct in granting summary judgment in its favor.

[¶17] What Gilligan's argument actually establishes, however, is that it has provided sufficient evidence to raise a genuine issue of material fact, precluding summary judgment in favor of Mr. Herrera. But as we have previously discussed, Mr. Herrera has presented evidence conflicting with that of Gilligan's. When "the evidence leads to conflicting interpretations or if reasonable minds might differ, summary judgment is improper." *Jasper v. Brinckerhoff*, 2008 WY 32, ¶ 10, 179 P.3d 857, 862 (Wyo. 2008) (citing *Abraham v. Great Western Energy, LLC*, 2004 WY 145, ¶ 12, 101 P.3d 446, 452 (Wyo. 2004)). Summary judgment should not have been granted in this case. Genuine issues of material fact exist. At trial, the fact finder must determine whether Gilligan's had a reasonable belief, based on documentation in its possession, that Mr. Herrera was authorized to work in the United States. If the fact finder determines that it did have a reasonable belief, then Mr. Herrera fits within the Wyoming Worker's Compensation Act definition of an employee, and Gilligan's is immune from his claims. If Gilligan's did not have such a reasonable belief, then Mr. Herrera is not an employee under the

Wyoming Worker's Compensation Act, and Gilligan's is not immune from his claims.

[¶18] In his second issue, Mr. Herrera challenges the grant of summary judgment to Mr. Phillipps on Mr. Herrera's claim against him. Under the Wyoming Worker's Compensation Act, co-employees are immune from claims of ordinary negligence, but may be held liable if they "intentionally act to cause physical harm or injury to the injured employee." Wyo. Stat. Ann. § 27-14-104(a). In *Bertagnolli v. Louderback*, 2003 WY 50, ¶ 15, 67 P.3d 627, 632 (Wyo. 2003), we said that the statutory standard for co-employee liability set forth in Wyo. Stat. Ann. § 27-14-104(a) – that is, "intentionally act to cause physical harm or injury" – is the equivalent of willful and wanton misconduct. We explained further:

> Willful and wanton misconduct is the intentional doing of an act, or an intentional failure to do an act, in reckless disregard of the consequences and under circumstances and conditions that a reasonable person would know, or have reason to know that such conduct would, in a high degree of probability, result in harm to another.

*Bertagnolli*, ¶ 15, 67 P.3d at 632 (emphasis omitted). We also said that we have "consistently held the requirements of the statute and the standards of willful and wanton misconduct were met when the evidence demonstrated the co-employee had knowledge of the dangerous condition and demonstrated a disregard of the risks through intentional acts." *Id.*, ¶ 19, 67 P.3d at 634.

[¶19] We note again that the evidence is viewed from a vantage point favorable to Mr. Herrera. *Gheen*, ¶ 11, 326 P.3d at 922. Reviewing the record in this way, we conclude that Mr. Herrera's evidence is sufficient to create a genuine issue of material fact as to Mr. Phillipps' knowledge of the dangerous condition and whether he acted intentionally in disregard of known risks. Mr. Herrera relies on Gilligan's written policy concerning pigging, which provides:

> NO MORE THAN 3 PEOPLE ARE REQUIRED FOR PIGGING. . . . WHEN PIGGING[,] THE PIPE BEING PIGGED WILL HAVE NO MORE THAN 4 [FEET] EXPOSED[.] ALL PIPE WILL BE ANCHORED, CHAINED OR SECURED SO NO MOVEMENT CAN EXIST EVEN UNDER PRESSURE. ALL EQUIPMENT AND [PERSONNEL] WILL [BE] EVACUATED . . . AT LEAST 150 YARDS FROM END OF PIPE. [PERSONNEL] OPERATING PRESSURE END WILL WATCH PSI GAUGE FOR SPIKES OR DROPS AT WHICH TIME, ESPECIALLY SPIKES OR FAST INCREASES IN PRESSURE WILL TURN OFF AIR COMPRESSOR TO

7

SEE IF PSI LEVELS OFF.  **NEVER EVER** MESS AROUND WITH PRESSURIZED PIPE.

(Capitalization and emphasis in original.)  There is evidence that Mr. Phillipps had been provided a copy of this policy, and an inference can be fairly drawn that he had knowledge of the dangers inherent in pigging operations.  There is evidence that, contrary to the policy, approximately 200 feet of the pipe remained exposed.  There is evidence that, contrary to the policy, the exposed pipe was not anchored, chained, or secured.  There is evidence that when Mr. Phillipps ordered the crew, including Mr. Herrera, to lift a section of pipe out of the trench and kink it to put pressure on the pig, Mr. Herrera suggested that they should instead turn off the pressure and cut the T-joint to remove the pig.  According to Mr. Herrera, Mr. Phillipps told him "'I am the boss, and you will do what I say,' or words to that effect."  Mr. Phillipps also told the compressor operator not to turn off the compressor.  This evidence, if believed by the fact finder, is sufficient to support findings that Mr. Phillipps knew of the dangers, but acted intentionally in disregard of the risks.

[¶20]  Mr. Phillipps points out that the evidence relied on by Mr. Herrera is not uncontroverted.  But that is precisely why all of the evidence must be evaluated by the fact finder in this case, and why summary judgment is not appropriate.  Mr. Phillipps also asserts that the evidence in this case is more like that in *Formisano v. Gaston*, 2011 WY 8, ¶ 12, 246 P.3d 286, 290 (Wyo. 2011), where the employee was injured in a car crash when his co-employee fell asleep at the wheel.  We noted that a co-employee is not liable if he is "merely negligent," but admitted that the "trouble this Court has repeatedly faced over the years" was in "trying to draw the line—somewhere beyond negligence—that results in liability."  *Id*., ¶ 16, 246 P.3d at 290.  Given the evidence in *Formisano*, however, we had little trouble concluding that the co-worker's admitted negligence in falling asleep while driving simply did not rise to the level of misconduct envisioned by the exception to immunity in the Wyoming Worker's Compensation Act.  *Id*., ¶ 28, 246 P.3d at 293.

[¶21]  When the evidence is viewed favorably to Mr. Herrera, however, his case is more in line with *Bertagnolli* than with *Formisano*.  In *Bertagnolli*, ¶ 16, 67 P.3d at 633, we discussed the injured employee's assertion that:

> the key factors in finding co-employee liability under § 27-14-104(a) are a co-employee with (1) knowledge of the hazard or serious nature of the risk involved, (2) responsibility for the injured employee's safety and work conditions, and (3) willful disregard of the need to act despite the awareness of the high probability that serious injury or death may result.

We stated that our "jurisprudence in this area is consistent with these factors."  *Id.*  We

then evaluated the evidence in substantial detail, and concluded there was evidence of the supervisors' knowledge of the dangers, their responsibility for the employee's safety, and their willful disregard of the dangers, which was sufficient to preclude summary judgment in favor of the supervisors. *Id*., ¶¶ 25, 26, 67 P.3d at 635. In Mr. Herrera's case, we have already noted the presence of evidence that Mr. Phillipps was aware of the dangers, and that when he instructed Mr. Herrera to perform his work, Mr. Phillipps acted in intentional disregard of those dangers. The evidence is sufficient to preclude summary judgment for Mr. Phillipps.

[¶22] We reverse the district court's grant of summary judgment in favor of Gilligan's and Mr. Phillipps, and remand the case to the district court for further proceedings consistent with this opinion.