Linda HAYES and John Hayes, Plaintiffs,

v.

Perry M. JOHNSON, J. Willsey, Kenneth Linberg, H. Vessey, and the State of Michigan, jointly and severally, Defendants.

Civ. A. No. 81–60065.

United States District Court, E.D. Michigan, S.D.

Nov. 4, 1983.

Edward R. Stein, O'Brien, Moran & Stein, Ann Arbor, Mich., for plaintiffs.

Brian W. MacKenzie, Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

CHARLES W. JOINER, District Judge.

Plaintiff in this case, Linda Hayes, was a teacher at the "inside school" at the State Prison of Southern Michigan (SPSM) in Jackson, Michigan, when she was assaulted and raped by an inmate of the prison in a classroom of the school. As its name implies, the "inside school" is located within SPSM; the students who attend the school are inmates of the prison. Plaintiff has brought this action against three of the officials of the Department of Prisons, and against the guard who was stationed at the inside school at the time of the rape. Plaintiff asserts that the defendants failed to take adequate precautions against the risk of inmate assaults upon her, and that such a failure constituted a violation of several rights held by the plaintiff under the federal Constitution.

This case is before the court on defendants' motion for summary judgment. For reasons stated in open court during the hearing on this motion, the court concluded that plaintiff's claims, insofar as they alleged violations of her constitutional right to privacy, and her constitutional right to due process of law as guaranteed by the Fourteenth Amendment, failed to state a cause of action, and were therefore dismissed. The court further concluded that plaintiff had stated a claim for violation of her right to equal protection of the laws, as secured by the Fourteenth Amendment.

The motion raised the issue of whether the availability of benefits to plaintiff under the Michigan Worker's Disability Compensation Act of 1969, M.C.L.A. 418.101 *et seq.*, precluded recovery by the plaintiff in this action brought pursuant to 42 U.S.C. § 1983 for the injuries that she sustained as a result of the rape and assault. Because this motion raises subtle questions concerning the relationship between state and federal law in cases such as this alleging "constitutional torts", the court will set forth its reasoning in this opinion.

Upon being injured during the performance of her job, plaintiff became entitled to and did in fact receive benefits under the Worker's Compensation Act (the "Act"). The Act purports to preclude recovery against the employer and co-employees for personal injury sustained in the workplace by any means other than those established by the Act.[1]

The Michigan Court of Appeals has recently concluded that the type of injury sustained in this case, the rape and assault of an employee by a third person while the employee was working, is covered by the Act, and tort liability against the employer is therefore precluded, *McKinley v. Holiday Inn*, 115 Mich.App. 160, 320 N.W.2d 329 (1982). Thus, if plaintiff in this case had merely sought recovery under a common-law tort theory, and defendants had not been public officials subject to liability

---

1. The exclusive remedy provisions are found in M.C.L.A. 418.131 and 418.827, which provide as follows:

    *418.131*
    The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer.
    *418.827*
    (1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies by the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section.

under § 1983, this action would have been barred.

In this case, however, plaintiff has alleged that her constitutional rights to due process of law and to equal protection of the laws were violated by defendants, and that a state statute can not serve to bar recovery under § 1983. For the reasons stated below, the court concludes that plaintiff's claim for violation of due process fails to state a cause of action, but that the exclusive remedy provision of the Worker's Compensation Act can not serve to limit the liability of the defendants for any injuries sustained by plaintiff as a result of the alleged violation of the equal protection clause.

### THE DUE PROCESS CLAIM

Plaintiff's due process claim is that she was deprived of her liberty as a result of the acts and omissions of the defendants, acting in their official capacity, without a prior judicial hearing. This is what is often described as a claim for violation of "procedural due process", as opposed to a claim for violation of substantive due process. Substantive due process encompasses those few select rights, not specifically enumerated in the constitution, which have nonetheless been deemed by the Supreme Court to be "fundamental to our system of ordered liberty," see, e.g. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (right to an abortion incorporated in the Constitutional right to privacy).

In Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court concluded that state postdeprivation remedies, such as common-law tort actions, could satisfy the due process clause in a context where, because of the unpredictable occurrence of the particular deprivation, a predeprivation hearing would be impossible. Thus, in Parratt, where a prison inmate sued for damages under § 1983 for deprivation of a hobby kit he had ordered and paid for that was negligently lost by prison employees, the Court concluded that plaintiff had not been deprived of procedural due process of law

because the deprivation could be adequately remedied through a tort action in state court.

In *Barnier v. Szentmiklosi*, 565 F.Supp. 869 (E.D.Mich.1983) this court applied the reasoning of *Parratt* to a case which is factually similar to the instant case. In *Barnier*, plaintiff alleged that he had been deprived of his right to procedural due process when he was beaten by police officers during the effectuation of an arrest. The court concluded that the availability of state tort remedies against the police officers was sufficient to provide plaintiff with due process of law, and that plaintiff's § 1983 claim, which was predicated wholly upon an allegation of violation of procedural due process, must fail. The court reasoned that for the purposes of determining whether or not a particular deprivation had been accomplished by a public official without due process of law, the fact that the deprivation was intentional, and that plaintiff was deprived of a liberty interest, rather than a property interest, were not sufficient grounds to depart from the reasoning of *Parratt*, 565 F.Supp. at 876–79.

In the instant case, state law precludes plaintiff from bringing a civil action in the state courts alleging that defendants' conduct was tortious and that plaintiff is entitled to recovery for all of her damages suffered as a result of that tortious conduct. Rather, the Worker's Compensation Act limits plaintiff's recovery to those benefits payable under the Act.

The exclusive remedy provision has long been a feature of worker's compensation acts since their adoption during the early years of this century. The courts have consistently rejected constitutional challenges to such provisions which challenges were predicated on the argument that the limitation upon full recovery for all injuries amounted to a violation of due process, see, e.g. *New York Central R.R. Co. v. White*, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917). The purpose of the exclusive remedy provision is to balance the employee's

right to recovery for injuries sustained on the job, regardless of fault of either the employee or the employer, against a limitation upon the liability of the employer, *McKinley v. Holiday Inn, supra,* 115 Mich.App. at 163–64, 320 N.W.2d 329. The courts that have addressed this issue have concluded that this legislative policy is a rational one, and that the limitation upon liability in favor of a particular claimant in order that all claimants will be provided with some amount of benefits does not violate traditional principles of due process, *Sewell v. Bathey Mfg. Co.,* 103 Mich.App. 732, 303 N.W.2d 876 (1981). In other words, the Worker's Compensation Act provides claimants with a constitutionally adequate source of recovery for work-related injuries such as to comply with the dictates of due process.

■ From this conclusion it is a short step to realize that plaintiff in this case could not have been deprived of due process of law when she was deprived of her liberty as a result of the acts and omissions of defendants, because she had a constitutionally adequate postdeprivation remedy in the form of workers compensation benefits.

### THE EQUAL PROTECTION CLAIM

Plaintiff alleges that defendants' failure to provide her with adequate protection against potential assaults by inmates was motivated in part by the defendants' animus against her as a woman. She alleges that she had repeatedly informed the defendants that she had been subjected to threats and verbal abuse from inmates. These threats indicated that she was the likely target of an assault. Plaintiff also alleges that defendants were aware of studies that chronicled a high incidence of sexual tension and frustration among the inmates, and that such tension enhanced the risk of an assault upon plaintiff and other female employees of the Department of Corrections who worked inside the prison. Notwithstanding this information, plaintiff alleges that defendants were indifferent to the inmates' threatening behavior

towards plaintiff, and that such indifference resulted in part from defendants' displeasure with the increased risk of disciplinary problems posed by the presence of women inside the prison. Plaintiff's equal protection claim therefore is predicated upon a theory that the defendants' failure to provide her with adequate security was the result, in part, of an intentional, discriminatory attitude towards her as a woman. As a result of this failure, she suffered the injuries that are the focus of this lawsuit.

Defendants' motion for summary judgment raises the issue of whether the exclusive remedy provision of the Worker's Compensation Act prevents plaintiff from maintaining her § 1983 action on the basis of a denial of equal protection.

In *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1979), survivors of a young woman who had been murdered by a parolee brought an action under § 1983 against state parole officers. The court concluded that plaintiff had failed to state a cause of action for violation of due process, because the relationship between the defendants' decision to parole the murderer and the actual murder was too tenuous to satisfy the requirement that the deprivation of liberty be accomplished by a person acting under color of state law.

Defendants had originally obtained a dismissal of the case in the state courts of California on the grounds that a California statute immunized parole officers from any liability that might otherwise accrue to conduct undertaken in the course of their official duties. The Court stated:

> It is clear that the California immunity statute does not control this claim even though the federal cause of action is being asserted in the state courts.

In a footnote to this passage, the Court elaborated as follows:

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of a federal statute which permitted a state immunity defense to have controlling ef-

fect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced. The immunity claim raised a question of federal law.

444 U.S. at 284 and n. 8, 100 S.Ct. at 558 and n. 8.

In *Walker v. Rowe*, 535 F.Supp. 55 (N.D. Ill.1982), the court was faced with essentially the same issue that is before this court on this motion. In *Rowe*, former state prison guards brought suit under § 1983 for injuries they suffered in the course of a prison riot. Defendant prison officials moved to dismiss the action on the grounds that the Illinois Workman's Compensation Statute[2] provided the exclusive remedy for the injured guards. The court disposed of this argument as follows:

> The state statute upon which defendants rely, however, does not and could not preclude the vindication of plaintiffs' constitutional rights in a federal forum. State law cannot immunize the conduct of persons who, acting under color of law, allegedly deprive others of their constitutional rights. In light of the wide disparity between the breadth of plaintiffs' damage claims herein and the limited damages award provided in the Illinois Workmen's Compensation Act, the effect of dismissal on this ground would leave plaintiffs without an adequate remedy for the alleged deprivation of their constitutional rights.

*Id.* at 57, (citations omitted).

Similarly, in *Bell v. City of Milwaukee*, 536 F.Supp. 462 (E.D.Wis.1982), the survivors of a man who had been shot to death by police brought an action under § 1983 on the grounds that racial bigotry had prompted the fatal gunshots. The defendants moved to limit the damages that plaintiffs could recover on their wrongful death action, arguing that an upper boundary was placed upon such damages by Wisconsin's wrongful death statute. The court responded as follows:

> There are two reasons that the wrongful death statute's damage limitation does not apply to a § 1983 action brought to recover for loss of life. The first is that the limitation is inconsistent with the compensation and deterrence policies of § 1983; the second is that the damage issues are a matter of federal law.

*Id.* at 470.

The court concludes that this line of cases supports the proposition that once a cause of action for violation of a substantive constitutional right has been stated, affirmative defenses created by state law which restrict recovery in certain kinds of actions will have no effect in barring or delimiting recovery[3] in an action brought pursuant to § 1983. Thus, in the case at bar, plaintiff, having stated a cause of action for violation of equal protection, will

**2.** The exclusive remedy provision of the Illinois Workmen's Compensation Act at issue in *Walker* is arguably not as broad as that provided in M.C.L.A. 418.131. The exclusive remedy provision of the Illinois Act provides as follows:

> No *common law or statutory right* to recover damages from the employer ... other than compensation herein provided, is available to any *employee who is covered by the provisions of this Act...* (emphasis added)

Thus, the Illinois statute, on its face, does not purport to limit liability arising under the federal constitution. The Michigan statute, on the other hand, purports to preclude all forms of liability against the employer and co-employees. Nonetheless, although not squarely faced with the issue, the *Walker* court concluded that the state statute *could* not impose a limitation upon liability arising under the federal constitution.

That question is squarely before the court in this case.

**3.** In *Walker,* the court concluded that plaintiffs had stated a cause of action for violation of procedural due process by alleging that defendants failed to take adequate precautions to protect them against the consequences of a riot. Under this court's reading of *Parratt v. Taylor,* such a cause of action for violation of procedural due process would fail in light of the adequate state law remedies available to the plaintiffs. However, it does not appear that this precise issue was pressed to the district court in *Walker.* This court is fully aware that its interpretation of *Parratt* as applying to intentional deprivations of liberty as well as to negligent deprivations of property is not shared by all of the courts that have faced the issue, *see* cases cited in *Barnier, supra,* 565 F.Supp. at 877.

not be prevented from recovery for all her injuries proximately resulting from that violation, including personal injuries, medical expenses, and psychic damage, as a result of the exclusive remedy provision of the Worker's Compensation Act.

Under this reasoning, it is easy to see why the availability of benefits under the Act precludes liability for a claim of denial of due process, but not for the claim of denial of equal protection. The very existence of the administrative procedure for obtaining benefits under the Act constitutes the provision of due process with respect to plaintiff's claim for deprivation of her liberty. However, plaintiff also alleges that her liberty was deprived in a manner that violated the equal protection clause. The exclusive remedy provision can have no effect upon this claim.

SO ORDERED.