**Linda HAYES and John Hayes,**
**Plaintiffs-Appellees,**
**Cross-Appellants,**

v.

**Harry VESSEY, Defendant-Appellant,**
**Cross-Appellee.**

Nos. 84–1153, 84–1201.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 23, 1985.

Decided Nov. 29, 1985.

Rehearing and Rehearing En Banc
Denied Jan. 15, 1986.

**1150**

Frank J. Kelley, Atty. Gen. of Michigan, Louis J. Porter, Asst. Atty. Gen., Corrections Div., Keith Roberts (argued), Lansing, Mich., for defendant-appellant, cross-appellee.

Edward Stein, O'Brien, Moran and Dimond, Michael Moran (argued), Ann Arbor, Mich., for plaintiffs-appellees, cross-appellants.

Before ENGEL and MILBURN, Circuit Judges and WISEMAN, District Judge *.

MILBURN, Circuit Judge.

In this civil rights action brought under 42 U.S.C. § 1983, defendant Harry Vessey appeals the jury verdict in favor of plaintiff Linda Hayes for violation of her right to equal protection under the fourteenth amendment and the jury verdict in favor of plaintiff John Hayes for loss of consortium. Plaintiff Linda Hayes cross-appeals the dis-

* The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Mid-   dle District of Tennessee, sitting by designation.

trict court's pretrial grant of summary judgment for defendants as to her claims of a violation of her constitutional rights to privacy, bodily privacy, to be secure in her person and to be free from assault and bodily injury under the fourth, ninth and fourteenth amendments. *See Hayes v. Johnson,* 578 F.Supp. 685 (E.D.Mich.1983). For the reasons that follow, we reverse the jury verdict in favor of plaintiffs and affirm the district court's grant of summary judgment.

## I.

This action arises out of the tragic rape of plaintiff Linda Hayes, a teacher at the Central Complex School located inside the Michigan State Prison at Jackson, Michigan, by an inmate who was not authorized to be at the "Inside School." In her complaint, plaintiff alleged that the State of Michigan; Perry Johnson, the Director of the Department of Corrections; Jack Willsey, Superintendent of the Prison's Schools; Kenneth Limberg, Principal of the Central Complex School; and appellant Harry Vessey, a corrections officer, were jointly and severally liable. Plaintiff asserted that defendants acted with deliberate indifference and in callous disregard for her safety by ignoring high levels of sexual tension within the prison; condoning an attitude of indifference toward danger to female employees; failing to require adequate security for female employees; assigning plaintiff to work in a remote area which was more dangerous than areas assigned to male teachers; disregarding the dangers to which plaintiff was subjected by callously ignoring prison security rules; defeating automatic locking mechanisms which led to the unauthorized entry of the rapist; aggravating and enhancing the danger to plaintiff by showing a cavalier attitude toward providing security for female employees; and ignoring and condoning continual sexual harassment by the inmates.

For her injuries, plaintiff Linda Hayes received workers' compensation disability benefits which, under a special provision applicable only to prison employees injured in assaults by inmates, included supplemental benefits not available to other employees. M.C.L.A. § 791.263a. Although defendants insisted that the acceptance of such benefits by plaintiff was a complete bar to all of her claims, the district court held that acceptance of workers' compensation did not bar plaintiff's equal protection claim.

Prior to trial, the district court dismissed the claim against the State of Michigan, and plaintiff does not appeal that order. Also prior to trial, the district court held that, with the exception of her equal protection claim, all of plaintiff's claims were barred pursuant to the Supreme Court's opinion in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). 578 F.Supp. 685. Thereafter, plaintiff stipulated to the dismissal of defendant Johnson, and her action proceeded to trial against defendants Willsey, Limberg, and Vessey solely on her equal protection claim. At the completion of plaintiff's proof, the district court sustained motions for a directed verdict in favor of defendants Willsey and Limberg, but denied defendant Vessey's motion. At the conclusion of all proof, the jury returned a verdict for Mrs. Hayes of Two Hundred Thousand Dollars ($200,000.00) compensatory damages, and One Hundred Thousand Dollars ($100,000.00) punitive damages. Additionally, the jury returned a verdict for Mr. Hayes of Twenty-five Thousand Dollars ($25,000.00) on his claim for loss of consortium. Thereafter, Vessey filed a motion for judgment n.o.v. which was denied, 578 F.Supp. 690. This appeal followed.

## II.

A. *Plaintiff's Cross Appeal*

■ In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that there is no cause of action under 42 U.S.C. § 1983 for the random, unauthorized acts of a state official which deprive a person of property if the state provides an adequate post-deprivation remedy. As to the adequacy of a

post-deprivation remedy, we stated in *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985) (*en banc*):

> If the state does provide a remedy which meets this standard, then the deprivation, though under color of state law, is not without due process of law. *The state remedy need not be as complete as that which would have been provided by § 1983.* "Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983 that does not mean that the state remedies are not adequate to satisfy the requirements of due process." (emphasis supplied)

*Id.* at 583 (quoting *Parratt*, 451 U.S. at 544, 101 S.Ct. at 1917).

This court extended *Parratt* to apply to actions for damages resulting from the deprivation of a liberty interest in *Wilson.* However, we noted in *Wilson* that the rule of *Parratt* only applies to procedural due process claims. Plaintiff argues that the district court erred in the instant case because all of her claims are "substantive" rather than procedural. We disagree.

In *Wilson* this court identified two types of "substantive" due process claims to which the *Parratt* rule does not apply. The first category encompasses claims based on a "right, privilege, or immunity secured by the Constitution or federal laws other than the Due Process Clause of the Fourteenth Amendment *simpliciter.*" *Wilson*, 770 F.2d at 585 (quoting *Parratt*, 451 U.S. at 536, 101 S.Ct. at 1913) (italics in original). The second category of substantive due process claims identified in *Wilson* includes allegations of official acts which "may not take place no matter what procedural protections accompany them," *Wilson*, 770 F.2d at 586 (quoting *Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 3208 n. 4, 82 L.Ed.2d 393 (1984) (separate opinion of Stevens, J.)), or which "shock the conscience of the court." To prove this latter type of substantive due process violation the injury must be the result of some intentional governmental act. *Wilson*, 770 F.2d at 586.

Under *Wilson*, the district court's grant of summary judgment as to all claims other than plaintiff's equal protection claim must be affirmed. Plaintiff argues that her claims are "substantive" in that they are protected by the fourth, ninth, and fourteenth amendments. However, plaintiff has pointed to no authority for a finding of a substantive constitutional right based solely on the ninth amendment. Moreover, there was no violation of plaintiff's fourth amendment right to personal security as the intrusion on plaintiff's privacy was not in the course of a criminal investigation. *See Ingraham v. Wright*, 430 U.S. 651, 673 n. 42, 97 S.Ct. 1401, 1413 n. 42, 51 L.Ed.2d 711 (1977).

Rather, plaintiff's complaint is best characterized as asserting a fourteenth amendment liberty claim of the type enunciated in *Ingraham, supra*, 430 U.S. at 673, 97 S.Ct. at 1413 (right to be free from unjustified intrusions on personal security) and *Youngberg v. Romeo*, 457 U.S. 307, 315–16, 102 S.Ct. 2452, 2457–58, 73 L.Ed.2d 28 (1982) (right to personal security and to be free from bodily restraint). As this is precisely the sort of liberty claim we found subject to the *Parratt* rule in *Wilson*, arising from a random and unauthorized act (here by a third party not a state employee or official), and since plaintiff had an adequate post-deprivation remedy[1] in workers' compensation, plaintiff's assertion of error as to the district court's grant of summary judgment must be denied.

## B. *Defendant's Appeal*

Following the grant of summary judgment by the district court, plaintiff Linda Hayes' only remaining claim was the al-

---

1. The district court found that plaintiff Linda Hayes was provided an adequate post-deprivation remedy with regard to her due process claims, and such has not been assigned as error or argued on appeal. The district judge, however, held that her receiving workers' compensation would not affect any recovery she might be entitled to on her denial of equal protection claim. *See* 578 F.Supp. at 689–90.

leged denial of equal protection. As plaintiff stipulated to the dismissal of defendant Johnson and has not appealed from the dismissal of defendants State of Michigan, Willsey, and Limberg, our analysis is limited to a determination of whether plaintiff's recovery against defendant Vessey is valid.

Plaintiff's equal protection claim is "predicated on a theory that the defendants' failure to provide her with adequate security was the result, in part, of an intentional, discriminatory attitude towards her as a woman." 578 F.Supp. at 688. As to the only remaining defendant, Vessey, this claim must fail because insufficient evidence was presented to support a finding by the jury that any intentional discriminatory acts or omissions by Vessey proximately caused plaintiff's injuries. *See Carey v. Piphus,* 435 U.S. 247, 253–55, 98 S.Ct. 1042, 1046–47, 55 L.Ed.2d 252 (1978); *Williams v. Bennett,* 689 F.2d 1370, 1380–81 (11th Cir.1982), *cert. denied,* 104 S.Ct. 335 (1983).

The parties stipulated that Vessey was on duty on the day of the rape from approximately 7:45 a.m. until approximately 11:30 a.m. when he went to lunch and that the lunch period at the Inside School ran from 11:30 a.m. to 12:20 p.m. The parties further stipulated that the rapist entered the Inside School sometime between 11:30 a.m. and 11:50 a.m. Although the gate between the area where prisoners were confined and the school was locked while Vessey was at lunch, the rapist was allowed entry into the Central Complex School by Mike Sheridan, another teacher, in violation of the school rules.

Plaintiff testified that at the beginning of the lunch break she left the prison to cash her paycheck, and she returned to her classroom between 11:50 a.m. and 12:00 noon. She further testified that the rapist entered her room five to ten minutes later and that the rapist was in the classroom for a total of fifteen minutes. Thus, considering the facts in the light most favorable to plaintiff, Vessey was not on duty at the time the rapist gained entry to plaintiff's classroom, and he returned no more than five minutes before the rapist exited the classroom.

Significantly, Vessey's station was at the far end of the hall from plaintiff's classroom. The parties stipulated that another teacher, George Calvert, who was in his classroom directly across the hall from plaintiff's classroom, did not hear any of plaintiff's cries for help as plaintiff's room was soundproofed. Therefore, even if Vessey returned to his post at 12:20 p.m., he would not have been able to hear plaintiff's cries from the end of the hall. Finally, as the rapist was allowed entrance into the school through a locked gate by another teacher, Mike Sheridan, in violation of school rules, it cannot be said that any act or omission of defendant Vessey proximately caused or contributed to cause the rape of plaintiff.

Plaintiff, however, also argues that Vessey's failure to intervene and "ticket" the rapist earlier on the morning of the attack when the rapist was present in the school without authorization was a proximate cause of the attack. Plaintiff reasons that had Vessey ticketed the rapist at that time, it would have been less likely that the rapist would have returned later in the day. However, in addition to the absence of proof that Vessey's omission in this regard was the result of an intent to discriminate against plaintiff as a woman, the intervening lapse of time, the intervening action of another teacher in allowing the rapist access to the school in violation of a school directive, and Vessey's authorized absence at the time the rapist gained entrance render any neglect by Vessey in failing to ticket the rapist earlier in the day too remote to constitute legal causation.

In *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980), a young girl was murdered by a parolee five months after he was released from prison by the defendant state officials despite his history as a sex offender. The victim's representative alleged that in doing so, defendants deprived her of life without due process of law and were therefore liable under section 1983. In holding that plain-

tiff failed to state a claim under section 1983, the Court first observed that "[a]lthough the decision to release [the parolee] from prison was action taken by the State, the action of [the parolee] five months later cannot be fairly characterized as state action." *Id.* at 284–85, 100 S.Ct. at 558–59.

The Court went on to observe that the murder occurred five months after the parolee's release, that the parolee was in no sense an agent of the parole board and that the parole board was not aware that the decedent, as distinguished from the public at large, faced any special danger. The Court stated:

> [We hold] that at least under the particular circumstances of this parole decision, appellants' decedent's death is too remote a consequence of the parole officers' action to hold them responsible under the federal civil rights law. Although a § 1983 claim has been described as "a species of tort liability," ..., it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute.

*Id.* at 285, 100 S.Ct. at 559 (citation omitted).

We believe this language is equally applicable to this case. The "part" which defendant Vessey played in the tragic attack on plaintiff by the rapist is not actionable under section 1983. Vessey was not present at the time the rapist gained entrance to the school through the actions of Sheridan; therefore, Vessey cannot be held to have proximately caused plaintiff's injuries as a result of any acts or omissions he may have been guilty of on that fateful day.

In addition to asserting that Vessey is liable as a result of his acts or omissions on the day of the rape, plaintiff argues that Vessey is liable for her injuries because he set a tone of extremely lax security which caused her to be raped. In this connection, we note that supervisory officials are certainly susceptible to liability under section 1983 for their misconduct in failing to adequately discharge their supervisory duties, *see, e.g., Hays v. Jefferson County,* 668 F.2d 869, 872 (6th Cir.), *cert. denied,* 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982). However, we do not believe under the facts of this case that Vessey, a subordinate employee who was not shown to have authority for establishing security policy for the prison, can be held liable under plaintiff's theory. *Cf. Sims v. Adams,* 537 F.2d 829, 831 (5th Cir.1976) (" 'Personal participation' is only one of several theories which can be used to establish causation.... Another theory which includes the requisite causation is that a *supervisory* defendant is subject to § 1983 liability when he breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury.") (emphasis supplied).

In sum, viewed in the light most favorable to plaintiff, the evidence demonstrates that Vessey, although perhaps an incompetent guard who held some animosity toward plaintiff's presence at the Central Complex School because she was a woman, did not establish policy at the prison, and therefore, these facts are insufficient upon which to hold Vessey liable for plaintiff's injuries under the circumstances of this case. As stated by the Supreme Court, "not every injury in which a state official has played some part is actionable under that statute." *Martinez, supra,* 444 U.S. at 285, 100 S.Ct. at 559. Those who were responsible for establishing policy concerning security at the school are not before us.

### III.

Having determined that defendant cannot be held liable for Linda Hayes' injuries, the award for loss of consortium in favor of John Hayes must also be reversed. Accordingly, the judgment of the district court entered on the jury verdict in favor of plaintiffs' equal protection and loss of consortium claims is REVERSED, and the court's grant of summary judgment in favor of defendants on plaintiff's remaining claims is AFFIRMED.