803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAMMIE LEE FORD, Plaintiff-Appellant
v.
HERMAN DAVIS, WARDEN, ET AL., Defendants-Appellees
 No. 86-5105.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 1
 BEFORE: MILBURN and BOGGS; Circuit Judges; EDWARDS, Senior Judge
 
 ORDER
 
 2
 This matter is before the Court for consideration of this pro se appellant's motion for appointment of counsel in his appeal of the dismissal of his prisoner civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant is currently incarcerated at the Fort Pillow State Farm in Henning, Tennessee, as a result of his conviction for first-degree murder. Prior to his transfer to that institution in 1984, appellant was housed at the Main Prison in Nashville where he worked as a machine operator and earned between $65.00 to $100.00 per month. Upon his transfer to Fort Pillow, however, he was given a job assignment paying a substantially lower amount. Unhappy with that situation, appellant related his dissatisfaction to numerous prison officials including appellee Dorothy Greer, Assistant Commissioner of the Tennessee Department of Corrections. Appellee directed the matter to the attention of the appropriate individuals at the Fort Pillow State Farm. No change was made in appellant's work assignment; however, his continued protests over the subject allegedly led to the institution of disciplinary proceedings and other acts of harassment against him.
 
 
 4
 As a result, appellant filed fourteen separate complaints based upon 42 U.S.C. Sec. 1983 against the various officials, including appellee Greer, whom he believed to be responsible for those actions. By judgment entered June 7, 1985, however, the district court dismissed each of the complaints except that against appellee. Subsequently, the district court dismissed that remaining action on July 22, 1985, and appellant then attempted to institute an appeal from both those judgments by filing a single notice of appeal on August 16, 1985. A motions panel of this Court, however, determined that the notice of appeal was untimely as to the June 7, 1985, judgment and dismissed those aspects of the appeal pertaining to it. Consequently, the only question subject to this appeal is the propriety of the district court's dismissal of the complaint against appellee Greer on July 22, 1985.
 
 
 5
 In order to establish liability of a supervisory official such as appellee under 42 U.S.C. Sec. 1983, it is necessary that her acts in regard to appellant have some direct causal relationship to the injuries of which he now complains either in the form of her specific ordering of those events or at least her acquiescence in their occurrence. Hayes v. Vessey, 777 F.2d 1149 (6th Cir. 1985); Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 105 S. Ct. 156 (1984); Hays v. Jefferson County, 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982). Examination of the record in this case, however, demonstrates that appellee's participation in the events giving rise to appellant's complaint under that statute was limited to her receipt of a letter from him which she then directed to the attention of officials at Fort Pillow State Farm. As those acts standing alone are insufficient to give rise to liability under 42 U.S.C. Sec. 1983, the district court did not err in dismissing appellant's complaint against appellee.
 
 
 6
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the final order of the district court entered July 22, 1985, be affirmed.