815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice HUGHLEY, Plaintiff-Appellant,
v.
John DOWNTON, Defendant-Appellee.
 No. 86-5958.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court order which dismissed appellant's prisoner civil rights action. This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is incarcerated at Turney Center Prison. On December 2, 1985, he filed a complaint (42 U.S.C. Sec. 1983) in which he alleged that he had been improperly deprived of his constitutionally created liberty interest by a teacher (appellee Downton) at the prison who subjected appellant to disciplinary action for signing a petition of grievance during class. The disciplinary action resulted in appellant being expelled from classes at the prison and loss of good time credits. Appellant also claimed that a prison employee (appellee Stewart) harassed him when he was doing legal research.
 
 
 3
 By orders of April 11, 1986, the district court granted the motions to dismiss filed by appellees Stewart, Warden Lack and Associate Warden Slaughter. The remaining appellee Downton filed a motion to dismiss which was granted by the district court order of August 25, 1986.
 
 
 4
 The district court correctly entered judgment in favor of appellees Warden Lack and Associate Warden Slaughter. Appellant's allegation concerning Warden Lack is that the warden approved the disciplinary action taken against appellant. Appellant did not allege that Warden Lack knew of or approved of the actions of Stewart and Downton. Because appellant did not allege that Warden Lack was directly involved in the disciplinary action, he was properly dismissed. See Hays v. Jefferson County, Kentucky, 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982). Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 469 U.S. 845 (1984); Hayes v. Vessey, 777 F.2d 1149 (6th Cir.1985). With respect to Associate Warden Slaughter, appellant offered no factual support for his conclusion that Slaughter knew about the contemplated disciplinary actions in advance. Because appellant offered no factual support for his claim against Slaughter, the district court properly granted his motion to dismiss. See Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985). Appellee Stewart was dismissed on the motion of appellant.
 
 
 5
 The only remaining defendant was Downton, the teacher who signed the written notice of the disciplinary actions to be taken against appellant. Downton's motion to the district court to take the deposition of the appellant was granted and the deposition was scheduled for June 16, 1986, at the prison. Appellant refused to attend. Downton then moved to dismiss pursuant to Rule 37(d), Federal Rules of Civil Procedure, for appellant's failure to attend his own deposition. The district court entered an order directing appellant to submit to deposition and when he again refused to be deposed, the district court dismissed the action.
 
 
 6
 The district court did not abuse its discretion in dismissing the action pursuant to Rule 37(d), Federal Rules of Civil Procedure. Bell & Beckwith v. United States, 766 F.2d 910 (6th Cir.1985). The only reason offered by appellant for his failure to appear was that he knew his rights. He now complains of the sanctions imposed against him, but because the district court did not abuse its discretion in dismissing the action, the sanctions were proper.
 
 
 7
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(2), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the order of the district court is affirmed.