815 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin BENNETT, on Behalf of Himself & all Other Prisoners
Similarly Situated, Plaintiff-Appellant,
v.
Robert BROWN, Jr., in his Personal & Official Capacity,
Director of Michigan Department of Corrections,
Defendants-Appellees.
 No. 86-1696.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's motion for appointment of counsel on appeal from the district court order which granted appellee's motion to dismiss this prisoner civil rights action. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of appellant's informal brief and the record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The district court properly granted appellee's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The only defendant named by appellant is Robert Brown, Jr., the director of the Michigan Department of Corrections. Appellant does not allege that appellee's acts with respect to appellant had any direct causal connection to the injuries of which appellant is complaining, nor does appellant allege that appellee acquiesced in the occurrence of the alleged wrongful acts. A review of the pleadings tendered by appellant reveals that the sole allegation concerning appellee is that appellee is legally responsible for the general welfare of appellant and that appellee had knowledge of the conditions at the State Prison of Southern Michigan and failed to take any action regarding the conditions. Such allegations do not establish a sufficient connection between the acts about which appellant complains and appellee's liability under Sec. 1983. Hays v. Vessery, 777 F.2d 1149 (6th Cir. 1985); Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 105 S.Ct. 156 (1984); Hays v. Jefferson County, Kentucky, 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982).
 
 
 3
 However, the district court improperly dismissed the action in toto in light of Berndt v. State of Tennessee, 796 F.2d 879 (6th Cir. 1986). In Berndt, the appellant filed a complaint containing claims of a serious nature (concerning various constitutional deprivations). In his complaint, Berndt referred to the violators as "the staff" and "the authorities" at the institution at which he was housed. The caption of the complaint named the State of Tennessee and the Lakeshore Mental Health Institute as the defendants. The district court dismissed the action on the basis of sovereign immunity. This Court determined that the defendants were properly dismissed as being immune, but concluded that the district court should have allowed appellant to amend his complaint to change the parties-defendants. This conclusion was reached notwithstanding the fact that Berndt did not respond to defendants' motion to dismiss on the basis of sovereign immunity.
 
 
 4
 An application of Berndt leads to the conclusion that the proper defendants to appellant's action are sufficiently identifiable, and appellant facially alleges claims regarding assaults and punitive lock-down so as to state constitutional deprivations.
 
 
 5
 Accordingly, the district court's judgment is affirmed to the extent that the action was dismissed as to Robert Brown, Jr. Rule 9(d)(3), Rules of the Sixth Circuit. The judgment is vacated and the case remanded for further consideration. Rule 9(d)(4), Rules of the Sixth Circuit. The motion for appointment of counsel is denied.