848 F.2d 188
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Muhammad ABDUR-RAHMAN, Plaintiff-Appellant,
v.
Bradley SETTLES, et al. Defendants-Appellees.
 No. 87-1539.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1988.
 
 Before MILBURN, Circuit Judge, WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Muhammad Abdur-Rahman, appellant, challenges the district court's judgment in favor of appellees, Richard W. Thrames, Assistant Resident Unit Manager at the State Prison of Southern Michigan (SPSM), and Albert Allen and Bradley Settles, Corrections Officers at SPSM, on his 42 U.S.C. Sec. 1983 civil rights complaint against appellees in which he claimed violations of his fourteenth amendment rights of equal protection and procedural due process. For the following reasons, we reverse that part of the district court's judgment in favor of appellees on Abdur-Rahman's equal protection claim and affirm that part of the district court's judgment in favor of appellees on his due process claim.
 
 I.
 
 2
 On October 8, 1986, Abdur-Rahman, a black inmate at SPSM, filed a complaint charging Thrames, Allen, and Settles with violating his constitutional rights of equal protection and procedural due process. Specifically, Abdur-Rahman alleged that, on July 29, 1986, when he was returning to his cell, Settles issued a misconduct report against him for being in the gallery area of the prison without permission. Settles, however, did not similarly issue a misconduct report against a white inmate who had preceded him into the gallery area.
 
 
 3
 Further, in his complaint, Abdur-Rahman, contended that, on August 7, 1986, he appeared before Thrames on the misconduct report. At that time, he informed Thrames that while Allen had presented the misconduct report to him, Allen had not reviewed it with him and was not qualified to review it. Additionally, Abdur-Rahman indicated that he complained to Thrames that the hearing was not being conducted in accordance with departmental policy. When he asked Thrames to note his objections for the record, Abdur-Rahman asserted that Thrames, instead, wrote "[Abdur-Rahman doesn't] know anyone in 76-4 [cellblock]" and the "report is clear as written thereby a guilty [finding] is in order." Moreover, Abdur-Rahman asserted that Thrames failed to state his reasons for finding him guilty and that the determination of guilt was arbitrary and capricious since it was not based on evidence.[1]
 
 
 4
 Lastly, Abdur-Rahman sought, inter alia, $1,000 punitive damages against each of the three appellees for depriving him of his civil rights.
 
 
 5
 On February 3, 1987, the appellees filed a motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Abdur-Rahman's complaint for failure to state a claim upon which relief could be granted. In support of their motion, appellees argued first that Abdur-Rahman had failed to state a claim under 42 U.S.C. Sec. 1983 because (1) he had not clearly shown that each appellee had been personally involved in the activity which formed the basis of the complaint, and (2) with respect to the procedural due process claims, he had failed to establish that he has no adequate remedy available to him in the state courts.
 
 
 6
 In response to the appellees' motion to dismiss, Abdur-Rahman filed an affidavit in which he recounted the facts stated in his complaint, asserted that Settles had knowingly issued a false misconduct report against him on the basis of his race, and asserted that Thrames had found him guilty on the basis of his race. Further, Abdur-Rahman submitted the affidavit of inmate Napoleon Wells who stated that on July 29, 1986, Abdur-Rahman and white inmate, Roy Loftis, each entered the gallery area of the prison at the same time to return to their cells and that he had held the cell doors open for each of them.
 
 
 7
 On May 4, 1987, the district court granted the appellees' motion to dismiss Abdur-Rahman's 42 U.S.C. Sec. 1983 complaint. In dismissing the complaint, the district court found that the Michigan Department of Corrections provides an appellate procedure whereby an inmate can contest the disposition of his minor misconduct charge. The district court further found that Abdur-Rahman had failed to establish that he pursued and exhausted this available, internal appellate procedure. This timely appeal followed.
 
 
 8
 On appeal, Abdur-Rahman argues that the district court erred in granting judgment in favor of appellees on his 42 U.S.C. 1983 complaint charging appellees with violating his constitutional rights of equal protection and procedural due process on the basis that he failed to establish that he had no adequate remedy available to him in the state courts.
 
 II.
 
 9
 In granting appellees' motion to dismiss, the district court considered matters outside the pleadings. Specifically, the court considered the affidavits of Abdur-Rahman and Napoleon Wells and the Michigan Department of Corrections' Procedure for Minor Misconduct Hearings. In such a case, Rule 12(b) directs that the motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Fed.R.Civ.P. 12(b).
 
 
 10
 Pursuant to Fed.R.Civ.P. 56(c), summary judgment may be granted only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. "All facts and inferences to be drawn therefrom must be construed in a light most favorable to the party opposing the motion." Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir.1986); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 11
 In dismissing Abdur-Rahman's 42 U.S.C. Sec. 1983 complaint which charged appellees with violating his constitutional rights to equal protection and procedural due process, the district court relied on the United States Supreme Court decision of Parratt v. Taylor, 451 U.S. 527 (1981). In Parratt, a Nebraska prison inmate ordered hobby materials by mail. After the mail-order packages were delivered to the prison, normal prison procedures for the handling of mail packages was not followed, and the packages were lost. The inmate claimed that the prison officials had negligently lost his property and brought a section 1983 suit for deprivation of property without due process of law in violation of the Fourteenth Amendment. The Court held that the inmate had failed to establish a cause of action under 42 U.S.C. Sec. 1983. Although he had been deprived of property under color of state law, the deprivation had not occurred as the result of some established state procedure. The state had no opportunity to anticipate and control the conduct of the wrongdoer. Moreover, the Court held that the state of Nebraska provided a remedy which could have fully compensated the inmate for his loss. This state cause of action, which was in effect at the time of the loss but which was not employed by the inmate, satisfied the requirements of procedural due process.
 
 
 12
 This court, in Wilson v. Beebe, 770 F.2d 578, 584-85 (6th Cir.1985) (en banc), reviewed the Supreme Court's holding in Parratt v. Taylor.
 
 
 13
 In Parratt v. Taylor, the Supreme Court established a limitation of the availability of Sec. 1983 in procedural due process cases. Where the only violation complained of is a Fourteenth Amendment claim of deprivation of property without due process of law, the federal court must determine whether the state provides remedies for the tort which satisfy the requirements of procedural due process. If the state does provide a remedy which meets this standard, then the deprivation, though under color of state law, is not without due process of law. The state remedy need not be as complete as that which would have been provided by Sec. 1983.
 
 
 14
 Wilson, 770 F.2d at 583 (citations omitted). The court then determined that Parratt applies to cases involving deprivations of liberty interests as well as property interests. The court ruled that Wilson had failed to plead facts sufficient to state a claim under 42 U.S.C. Sec. 1983 for a violation of his substantive due process rights. In addressing Wilson's procedural due process claims, the court, applying Parratt, determined first that the appellee had acted contrary to established department procedure in arresting Wilson, and, second, that Michigan law provided an adequate post deprivation remedy in compensating Wilson for the appellee's conduct. Consequently, Wilson could not maintain a procedural due process claim against the appellee pursuant to 42 U.S.C. Sec. 1983.
 
 
 15
 In applying these principles to the facts of this case, we conclude that the district court erred in granting judgment in favor of appellees on Abdur-Rahman's 42 U.S.C. Sec. 1983 equal protection claim against the appellees on the basis that Abdur-Rahman failed to establish that he had no adequate remedy available to him in the state courts. Parratt and Wilson indicate that the "adequate-state remedy" question is applicable only to cases wherein the plaintiff is alleging, pursuant to 42 U.S.C. Sec. 1983, the deprivation of a property or liberty interest in violation of his procedural due process rights. Parratt is not applicable to claims based on a right, privilege, or immunity secured by the Constitution or federal laws other than the due process clause of the fourteenth amendment. See Hayes v. Vessey, 777 F.2d 1149, 1152 (6th Cir.1985) (quoting Wilson, 770 F.2d at 585). This cause must therefore be remanded so that the district court may address Adbur-Rahman's 42 U.S.C. Sec. 1983 action alleging a violation of his fourteenth amendment right of equal protection.
 
 
 16
 The district court, however, correctly granted summary judgment in favor of appellees on that part of Abdur-Rahman's 42 U.S.C. Sec. 1983 complaint alleging violations of his procedural due process rights. Parratt and Wilson direct such judgment upon the determination that state law provides an adequate post deprivation remedy. As indicated by the district court, the Michigan Department of Corrections has an established procedure to direct prison officials in their handling of minor misconduct reports. The procedures provide the inmate, inter alia, the right to appeal the decision of the minor misconduct hearing team to the Assistant Deputy Warden of Housing Units. The latter is directed to review the minor misconduct hearing team dispositions to assure that inmates were afforded procedural due process rights.
 
 
 17
 Further, even if Michigan law had not provided an adequate post deprivation remedy, we conclude, under these circumstances, that the district court still properly disposed of Abdur-Rahman's procedural due process claim. It does not appear that Abdur-Rahman has alleged an actual deprivation of his liberty or property interests. As noted earlier, while Thrames found him guilty of being in the gallery area of the prison without permission, Thrames ordered only that Conley be reprimanded and counseled.
 
 
 18
 In light of these facts, and pursuant to Parratt and Wilson, we conclude that the district court erred in granting judgment in favor of appellees on that part of Abdur-Rahman's 42 U.S.C. Sec. 1983 complaint charging appellees with a violation of his right of equal protection on the basis of his failure to establish an inadequate state remedy. The district court, however, correctly disposed of Abdur-Rahman's Sec. 1983 procedural due process claim on such basis because, as the record indicates, Michigan does provide an adequate state remedy.
 
 
 19
 Accordingly, we reverse the district court's grant of judgment in favor of appellees on Abdur-Rahman's equal protection claim and remand to the district court for further proceedings not inconsistent with this opinion. Further, we affirm that part of the district court's decision granting judgment in favor of appellees on Abdur-Rahman's 42 U.S.C. Sec. 1983 action alleging a violation of his procedural due process rights.
 
 
 
 [1]
 A review of the record in this case reveals that Thrames found Abdur-Rahman guilty of being in the gallery area of the prison without permission and ordered that Abdur-Rahman receive counseling and a reprimand