853 F.2d 926
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney BRANHAM, Plaintiff-Appellant,
v.
John JABE; Tom Taylor, Defendants-Appellees.
 No. 88-1250.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1988.
 
 1
 Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DAVID D. DOWD, District Judge.*
 
 ORDER
 
 2
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action pursuant to 42 U.S.C. Sec. 1983. He now moves for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, a Michigan prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. In support of his claim for monetary damages, he alleged that during his incarceration at the Jackson State Prison he had been the victim of repeated assaults by prison guards; he had been improperly deprived of accumulated good time credits; unspecified individuals had confiscated his legal mail; and the Michigan Attorney General had erroneously informed another division of the district court that his current confinement classification was that of protective rather than administrative segregation. Defendants' chief response to the complaint was the filing of a motion for summary judgment. After consideration of the parties' pleadings in regard to that motion, the district court concluded that plaintiff's claims were without merit and therefore entered judgment in favor of defendants. This appeal followed.
 
 
 4
 A district court may properly grant a motion for summary judgment if it, construing the facts in the light most favorable to the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Both of those conditions have been satisfied in the present appeal. In particular, the district court properly granted summary judgment in favor of defendants as to plaintiff's claims regarding his assault by prison guards, interference with his mail, and the Michigan Attorney General's provision of incorrect information concerning the status of his confinement. Review of the record as to those claims indicates that plaintiff failed to allege any personal involvement on the part of defendants in those events. Such participation, however, is fundamental to the imposition of liability under 42 U.S.C. Sec. 1983. Hayes v. Vessey, 777 F.2d 1149 (6th Cir.1985); Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 469 U.S. 845 (1984); Hays v. Jefferson County, 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982). Furthermore, plaintiff's claim concerning his forfeiture of good time credits is likewise without merit as that action was taken in consequence of his having been found guilty of various instances of misconduct. Examination of the record discloses that there were no defects in the disciplinary proceedings that resulted in his being found guilty of the disciplinary infractions which would render those adjudications and his resulting punishment constitutionally infirm. See Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 5
 Accordingly, for these above reasons the motion for appointment of counsel is hereby denied and the final judgment of the district court entered January 29, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.