917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. JORDAN, Plaintiff-Appellant,
v.
John VERCOE, Defendant-Appellee.
 No. 89-2323.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1990.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and WISEMAN, Chief District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking solely damages, Ronald L. Jordan complained that defendant, an employee with the Michigan Department of Corrections (MDOC), deprived him of privileges without due process. Specifically, Jordan alleged that defendant did not investigate Jordan's misconduct charge as required by prison regulations. Jordan sued defendant in his individual capacity.
 
 
 4
 A magistrate determined that Jordan had not met his burden of proving that the state post-deprivation remedy was inadequate and recommended that defendant's motion to dismiss be granted. Despite Jordan's objections, the district court agreed with the magistrate and dismissed the complaint accordingly.
 
 
 5
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Jordan can prove no set of facts showing that he is entitled to the relief he seeks. See Collins v. Nagle, 892 F.2d 489, 493 (6th Cir.1989).
 
 
 6
 The dismissal of a complaint alleging a deprivation of a liberty interest in violation of procedural due process may be affirmed if the wrongdoing was randomly committed in contrast to established state procedure and the plaintiff has failed to plead and prove that his state remedies are systematically inadequate to redress the relief. See Hudson v. Palmer, 468 U.S. 517, 534 (1984); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 199 (6th Cir.1987).
 
 
 7
 In this case, Jordan does not challenge the hearing process. Rather, his claim amounts to nothing more than an allegation that defendant failed to comply with the hearing process. This claim alleges random, unauthorized acts by the defendant. See Vinson, 820 F.2d at 199. However, Jordan has failed to prove that available state post-deprivation remedies are inadequate. Hudson, 468 U.S. at 533. Under state procedures, Jordan was able to appeal the decision of his misconduct hearing. Mich. Admin. Code R. 791.3320. Jordan's lack of success in obtaining monetary damages on appeal from his misconduct conviction does not prove that state remedies are inadequate. See Hayes v. Vessey, 777 F.2d 1149, 1151-52 (6th Cir.1985) (state remedies should not be deemed inadequate simply because the relief afforded is not as complete as the relief available in federal court). Therefore, Jordan has failed to state a claim for deprivation of privileges without due process because Michigan has provided an adequate post-deprivation remedy.
 
 
 8
 Accordingly, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation